**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
  Walter Haines (State Bar #71705)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE SCHULTZ, an individual; on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> QUALXSERV, LLC, a Delaware Company, <br><br><br> Defendants. | CASE No. **09 cv 0017 LAB AJB** <br><br> **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** <br><br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*; <br> 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; <br> 3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 4. FAILURE TO PROVIDE INDEMNIFICATION OF EXPENDITURES IN VIOLATION OF CAL. LAB. CODE § 2802; <br> 5. FAILURE TO PAY COMPENSATION IN VIOLATION OF 29 U.S.C. § 201, *et seq.*; and, <br> 6. LABOR CODE PRIVATE ATTORNEY GENERAL ACT [Labor Code § 2698] <br><br> DEMAND FOR A JURY TRIAL |

1

1   Plaintiff George Schultz ("PLAINTIFF"), who is an individual residing in California,

2   allege upon information and belief, except for his own acts and knowledge which are alleged

3   based upon personal knowledge, the following:

4   **THE PARTIES**

5   1.   Defendant Qualxserv, LLC, is a Delaware company engaged in technology

6   deployment and field maintenance service for leading technology partners.  In this

7   complaint, Qualxserv, LLC is referred herein to as "QUALXSERV" or "DEFENDANT".

8   2.   QUALXSERV has its principal place of business in Tweksbury,

9   Massachusetts at 836 North Street, and operates nearly 150 service locations throughout the

10   United States.  QUALXSERV conducts business in California and in San Diego County.

11   QUALXSERV operates as a privately held entity and employs approximately 2000 people

12   throughout the United States in most major metropolitan areas.  QUALXSERV targets

13   leading OEMs and other providers of computing and communication products to provide

14   these companies with outsource services in the form of field maintenance, product

15   installation, customer care, cabling, moves, adds and changes.  As part of these services,

16   QUALXSERV employs a fleet of technicians and other service employees to provide clients

17   with customer service functions twenty-four (24) hours a day and seven (7) days a week.

18   QUALXSERV's clients include  Dell, EMC, Hughes Network Systems and Sony.

19   3.   QUALXSERV conducted and continues to conduct substantial and regular

20   business throughout California and also is an enterprise that affects commerce by engaging

21   in the enterprise of providing the above services through interstate commerce and by

22   regularly and recurrently receiving or transmitting interstate communications.

23   QUALXSERV's headquarters and corporate residence is in Massachusetts, but has service

24   locations throughout the United States, including California.

25   4.   The product QUALXSERV provides to QUALXSERV's clients is warranty

26   service for computer technology providers, along with on-site services and deskside support,

27   and also provides installation and service for televisions and other consumer electronics.

28   This QUALXSERV product is delivered by Technicians and other similarly situated

1  employees of QUALXSERV. QualxServ is an authorized service training partner for: Apple

2  iMac, eMAC, Power Mac and Xserve products, Canon Printers and Multi-Function Copiers,

3  Dell Client and Enterprise products, EMC storage subsystems (CLARiiON), Hughes

4  Network Systems satellite communication equipment, IBM Sony Client & Consumer

5  Electronics, and Vanguard communication equipment.

6         5.     The employees employed in positions at QUALXSERV with the titles of Tech,

7  Technician, Field Service Representative and Service Partner perform the same primary

8  duty, which is to deliver the product offered by QUALXSERV to its clients on a 24/7 basis.

9  The QUALXSERV employees employed in positions with the titles of Tech, Technician,

10  Field Service Representative and Service Partner are collectively referred to herein as

11  "Technicians Employees."  The duties that are performed by the employees of

12  QUALXSERV with the titles of Tech, Technician, Field Service Representative and Service

13  Partner primarily consist of the routine installation, maintenance and service of computers

14  and other technology products, according to pre-established guidelines and procedures.  The

15  employees with the titles of Tech, Technician, Field Service Representative and Service

16  Partner must be able to lift items and have a license to drive vehicles.  These employees with

17  the titles of Tech, Technician, Field Service Representative and Service Partner are not

18  required to have a college degree or graduate degree to qualify them for employment in

19  these positions.  Employees with the titles of Tech, Technician, Field Service Representative

20  and Service Partner perform these functions, and all duties, according to established

21  company policies, protocols, and procedures as directed by QUALXSERV.

22         6.     Plaintiff George Schultz was first employed by QUALXSERV in December

23  2006 in the position titled "Technician."  Plaintiff Schultz worked in this position for

24  QUALXSERV providing repair services for computers sold by the technology provider

25  clients of QUALXSERV, including but not limited to Dell.  PLAINTIFF performed the

26  typical duties of all Technician Employees which primarily involve the driving to sites

27  designated by QUALXSERV's clients and while on-site, repairing computer hardware

28  and/or installing computer hardware provided to PLAINTIFF QUALXSERV's clients.

1   PLAINTIFF was supplied with a list of the sites, problems and hardware to be installed.

2   Each such site was a "ticket," which was "closed" when the specified task was performed.

3   PLAINTIFF, like all other Technician Employees, was paid compensation on a piece rate

4   basis according to the number of closed tickets performed in a day.  PLAINTIFF received

5   $32 per closed ticket.  The primary duties of the PLAINTIFFS and other Technician

6   Employees involve the performance of routine tasks that have been determined by the

7   Department of Labor to be non-exempt duties.

8          7.        The work schedule for PLAINTIFF and other Technician Employees is

9   dictated by QUALXSERV.  PLAINTIFF performed work that was typical of the work

10  performed by Technician Employees.  As a matter of company policy and practice,

11  QUALXSERV requires PLAINTIFF to work a minimum of four jobs in a day at different

12  sites that are geographically dispersed, and thus required PLAINTIFF to drive extensively in

13  his personal vehicle, usually about 120 business miles each week.  PLAINTIFF'S workdays

14  began at 7:30 a.m. in order to prepare his schedule as QUALXSERV requires PLAINTIFF

15  to log in his route before 9:00 a.m.  Between 10:00 a.m. to 11:00 a.m., PLAINTIFF was

16  required to be at a designated location to pick up the parts for his tickets that were sent by

17  QUALXSERV to perform the services set forth on the tickets for that day.  These parts were

18  usually delivered each day to a DHL location.  After picking up the parts, PLAINTIFF

19  would then drive to his first site and perform the specified computer repair and/or part

20  installation.  This first site ticket was usually completed by 1:00 p.m.  PLAINTIFF would

21  then drive to the next specified site, complete the repair and/or drive to the next site.  This

22  procedure continued until PLAINTIFF completed all of the specified tickets at the site

23  locations provided to him.  This work required him to work until at least 5:00 p.m., and

24  often PLAINTIFF was required to work until 8:00 p.m. to complete the scheduled work, and

25  sometimes until as late as 10:00 p.m. to close all of his tickets for the day.  After completing

26  the work at the specified sites each day, PLAINTIFF was then required to prepare the

27  paperwork to set up his route and work for the next day, which required an additional 1-2

28  hours of paperwork at the end of the day.  PLAINTIFF worked this schedule each week, five

(5) days a week.  This means that PLAINTIFF and other Technician Employees work at least 10 hours of overtime each workweek, and up to 25-30 hours of overtime in some workweeks, but were not paid overtime for the hours worked in excess of eight (8) in one day or forty (40) in a workweek.  QUALXSERV has an accounting system which is supposed to record all hours worked by these employees but QUALXSERV failed and continues to fail to do so.

8.     For this workwork of more than forty (40) hours, PLAINTIFF and all other Technician Employees are not paid a salary, but instead, are paid on a piece rate basis for each closed ticket, and are not paid any overtime compensation for the hours worked in excess of eight (8) per day or forty (40) per week.  PLAINTIFF and other Technician Employees are not paid salaries equivalent to two times the minimum wage and therefore do not qualify for any exemption from overtime compensation.  Although PLAINTIFFS and other Technician Employees are required by virtue of the tickets and routes assigned to them to work more than eight (8) hours in one day, and more than forty (40) in one week, and although QUALXSERV knows this fact and permits PLAINTIFF and other Technician Employees to work more than eight (8) hours in one day, and more than forty (40) in one week,  QUALXSERV does not provide the legally required premium pay for these overtime hours worked because QUALXSERV has improperly and uniformly classified all Technician Employees as exempt from receiving overtime compensation.

9.     PLAINTIFFS' and other Technician Employees' performance of their duties as Technician Employees was and is on a daily and weekly basis comprised primarily of driving to sites and performing routine computer hardware installation, troubleshooting and/or repair, which involves following established company protocol and procedures according to QUALXSERV's pre-established guidelines.  In order for QUALXSERV to deliver a consistent product across the country, the duties are repetitive and routine for which QUALXSERV has preset guidelines and training which PLAINTIFF and other Technician Employees must follow.  PLAINTIFF and other Technician Employees perform essentially the same functions on a daily basis at different locations and the preset duties are

1  repetitive and routine.

2      10.    There are more than 100 individuals in the CALIFORNIA CLASS and the

3  amount in controversy in this complaint exceeds the sum or value of $ 5,000,000, with one

4  or more members of the CALIFORNIA CLASS residing outside of Massachusetts.

5      11.    There may be one or more additional defendants not named in this Complaint

6  that were the agents, servants, and/or employees of the DEFENDANT and were acting on

7  behalf of the DEFENDANT within the course of scope of his, her or its authority as the

8  agent, servant and/or employee of the DEFENDANT and were in some manner responsible

9  for the conduct and injuries alleged herein and directly participated in the illegal practices

10 alleged herein.  Consequently, the DEFENDANT named herein and such other persons or

11 entities, whose identity is unknown at this time, are jointly and severally liable to the

12 PLAINTIFF and the other members of the CALIFORNIA CLASS, for the losses sustained

13 as a proximate result of DEFENDANT's conduct as herein alleged.

14

15                    **THE CONDUCT**

16     12.    PLAINTIFF and the other Technician Employees were and are employed

17 as working members on the production side of QUALXSERV's  business.  The primary job

18 duties of PLAINTIFF and other Technician Employees primarily consist of the routine

19 driving of their personal vehicle to various site locations, the preparation of their work

20 schedule, route and necessary paperwork, the pick up of parts, the performance of computer

21 hardware related troubleshooting, repair and installation as specified by QUALXSERV,

22 according to pre-established guidelines and procedures, and the completion of their

23 paperwork after work.  PLAINTIFF and the other Technician Employees were not provided

24 with an office to perform any of these tasks.  As a result, PLAINTIFF and the other

25 Technician Employees were not and currently are not primarily involved in providing office

26 or non-manual work directly related to the management policies or general business

27 operations using independent discretion with respect to matters of significance.  The work of

28 PLAINTIFF and the other Technician Employees also does not involve specialized or

1  technical work that requires special training, experience or knowledge.   Instead,

2  PLAINTIFF and the other Technician Employees were and currently are primarily involved

3  in providing day to day, routine, and general work related to the delivery of the

4  QUALXSERV product as directed by QUALXSERV.

5       13.   QUALXSERV's unlawful, unfair, and deceptive employment classification

6  and wage practices cheat PLAINTIFF and the other members of the CALIFORNIA CLASS

7  out of their lawful wages and is unfair to honest competition.

8       14.   QUALXSERV creates a job description for PLAINTIFF and the Technician

9  Employees which does not accurately describe the primary job duties actually performed on

10  a daily basis which and deceptively results in a uniform classification of PLAINTIFF and

11  the members of the CALIFORNIA CLASS by QUALXSERV as exempt based on job title

12  alone.  This classification was made based on job title alone, rather than on the actual

13  services performed by PLAINTIFF and the other members of the CALIFORNIA CLASS,

14  because QUALXSERV had in place and still has in place a policy, practice and procedure

15  that fails to determine the actual hours worked by these employees and the duties actually

16  performed by the members of the CALIFORNIA CLASS during these hours.  Further,

17  QUALXSERV fails to account for the payment structure for these employees when applying

18  the "exempt" classification and does not pay these employees a fixed salary that is

19  equivalent to two times the applicable minimum wage.  As a result, the classification of

20  PLAINTIFF and each and every member of the CALIFORNIA CLASS as exempt is based

21  on job title alone and not on the actual services that were provided by and the actual

22  compensation paid to the PLAINTIFF and the members of the CALIFORNIA CLASS after

23  being hired and placed into a particular position.  Thereafter, no reevaluation or

24  reclassification analysis regarding the propriety of the exempt status was performed by

25  QUALXSERV for PLAINTIFF or for any other member of the CALIFORNIA CLASS

26  because the company's business model was and still is to classify all members of the

27  CALIFORNIA CLASS as exempt without regard to the actual work performed or the

28  compensation paid, which if properly considered would defeat any claimed exemption.  As a

1    result of this misclassification practice, PLAINTIFF and the members of the CALIFORNIA

2    CLASS were not fully compensated for hours of overtime work as required by law in excess

3    of eight (8) hours a day, forty (40) hours a week, or for hours worked on the seventh (7th)

4    consecutive day of a workweek as required by California law.

5         15.    Plaintiff George Schultz ("PLAINTIFF") bring this class action on behalf of

6    himself and a Class consisting of all individuals who, while in California, are or previously

7    were employed by Defendant QUALXSERV (hereinafter referred to as "DEFENDANT") in

8    a position entitled "Tech," "Technician" or "Service Partner" or "Service Representative,"

9    or in any other similarly situated position (the "CALIFORNIA CLASS" or "CLASS")

10   during the Class Period.  The class period applicable to this CALIFORNIA CLASS is

11   defined as the period beginning four years prior to the filing of this Complaint and ending on

12   the date of as determined by the Court (the "CLASS PERIOD").  As a matter of company

13   policy and practice,  DEFENDANT has unlawfully, unfairly and deceptively classified every

14   member of the CALIFORNIA CLASS as exempt, failed to pay the required overtime

15   compensation and otherwise failed to comply with all labor laws with respect to these

16   employees.

17        16.    Technician Employees are and were employees who are entitled to regular,

18   and overtime compensation and prompt payment of amounts that the employer owes an

19   employee when the employee quits or is terminated, and other compensation and working

20   conditions that are prescribed by law.  Although QUALXSERV required their Technician

21   Employees, and other similarly situated employees, to work more than forty (40) hours a

22   week, eight (8) hours in a workday, and /or on the seventh (7th) day of a workweek, as a

23   matter of company policy and practice, DEFENDANT consistently and uniformly failed and

24   still fail to implement a practice and procedure that properly classifies these employees as

25   exempt or non-exempt based upon the primary duties actually performed by these employees

26   and the compensation actually paid to these employees, and thereby fails to pay them the

27   overtime compensation to which they are entitled.  The PLAINTIFF and members of the

28   CALIFORNIA CLASS currently work or previously worked in California at times during

SECOND AMENDED CLASS ACTION COMPLAINT

1    the CLASS PERIOD for DEFENDANTS and DEFENDANT's practices and procedures are

2    and were common throughout California and the United States at all times during the

3    CLASS PERIOD.

4          17.    In this action, PLAINTIFF, on behalf of himself and the CALIFORNIA

5    CLASS, seeks to recover all the money that DEFENDANT was required by law to pay for

6    overtime work, but failed to pay, to PLAINTIFF and all other CALIFORNIA CLASS

7    members. PLAINTIFF also seeks penalties and all other relief available to them and other

8    similarly situated employees under California law. PLAINTIFF also seeks declaratory relief

9    finding that the employment practices and policies of the DEFENDANT violate California

10   law and injunctive relief to enjoin the DEFENDANT from continuing to engage in such

11   employment practices and to remedy the unfair and unlawful employment practices.

12         18.    PLAINTIFF and all members of the CALIFORNIA CLASS are and were

13   uniformly classified and treated by DEFENDANT as exempt at the time of hire and

14   thereafter, DEFENDANT failed to take the proper steps to determine whether PLAINTIFF,

15   and the other members of the similarly-situated CALIFORNIA CLASS, were properly

16   classified under Industrial Welfare Commission Wage Order 4-2001 and Cal. Lab. Code

17   §510 *et seq*. and Section 13(a)(5) of the Fair Labor Standards Act (the "FLSA") as exempt

18   from applicable federal and state labor laws. Under both the FLSA and California Labor

19   Law, these employees may only be classified as exempt if the employee primarily engages in

20   duties and responsibilities involving (i) the "performance of office or non-manual work

21   directly related to management policies or general business operations" of CUBIC, (ii) the

22   customary and regular exercising of discretion and independent judgment, (iii) performed

23   only under general supervision work along specialized or technical lines requiring special

24   training, experience, or knowledge, and (iv) is paid a monthly "salary" equivalent to a

25   specified minimum amount. PLAINTIFF and the other members of the CLASS meet none

26   of these requirements. Since DEFENDANT affirmatively and willfully had in place a

27   business policy, practice and procedure which failed to allow for an accurate determination

28   of whether exempting PLAINTIFF and the members of the CALIFORNIA CLASS

1  complied with either the FLSA or the California Labor Laws, DEFENDANT's employment

2  practices violated and continue to violate the law.  As a result of this policy and practice,

3  DEFENDANT failed and still fail to pay overtime in accordance with applicable law.

4       19.    By reason of this uniform conduct applicable to PLAINTIFF and all

5  CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in

6  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the

7  "UCL"), by engaging in a company-wide policy and procedure which failed to correctly

8  determine whether the PLAINTIFF and the CALIFORNIA CLASS of similarly situated

9  employees were properly classified as exempt.  The proper classification of these employees

10  is the DEFENDANT's burden under both the FLSA and the California Labor Code.  As a

11  result of DEFENDANT's willful conduct and intentional disregard of the obligation to meet

12  this burden, which cannot be justified, DEFENDANT failed to properly calculate and/or pay

13  all required overtime compensation for work performed by the members of the

14  CALIFORNIA CLASS and violated the FLSA and the California Labor Code and

15  regulations promulgated thereunder as herein alleged.

16       20.    PLAINTIFF and the members of the CALIFORNIA CLASS have no plain,

17  speedy  or adequate remedy at law and will suffer irreparable injury if DEFENDANT is

18  permitted to continue to engage in the unlawful acts and practices herein alleged.  The illegal

19  conduct alleged herein is continuing and to prevent future injury and losses, and to avoid a

20  multiplicity of lawsuits, PLAINTIFF and the members of the CALIFORNIA CLASS are

21  entitled to an injunction and other equitable relief, on behalf of himself and the CLASS, to

22  prevent and enjoin such practices.  PLAINTIFF therefore requests a preliminary and/or

23  permanent injunction as the DEFENDANT provides no indication that DEFENDANT will

24  not continue such wrongful activity in the future, along with restitution, penalties, interest,

25  compensation and other equitable relief as provided by law.

26

27  **THE CALIFORNIA CLASS**

28       21.    Plaintiff George Schultz ("PLAINTIFF") brings this class action on behalf of

10

1   himself and a Class consisting of all individuals who, while in California, work or

2   previously worked for QUALXSERV in a position entitled "Tech," "Technician," "Service

3   Representative" or "Service Partner", or in any other similarly situated position during the

4   period four years prior to the filing of this Complaint and ending on the date as determined

5   by the Court ("CALIFORNIA CLASS PERIOD" or "CLASS PERIOD").  This Class shall

6   be referred to herein as the "CALIFORNIA CLASS."  To the extent equitable tolling

7   operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CLASS

8   PERIOD should be adjusted accordingly.

9        22.    DEFENDANT, as a matter of corporate policy, practice and procedure, and

10   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

11   Order Requirements, and the applicable provisions of California law, intentionally,

12   knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

13   and deceptively failed to institute a practice to ensure that the Technician Employees were

14   properly classified as exempt or non-exempt from the requirements of California Labor

15   Code §§ 510, *et seq*.

16        23.    DEFENDANT has the burden of proof that each and every employee is

17   properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, *et seq*,

18   otherwise the employee is presumed to be non-exempt.  DEFENDANT, however, as a

19   matter of uniform and systematic policy and procedure failed to have in place during the

20   CALIFORNIA CLASS PERIOD and still fail to have in place a policy or practice to make

21   any individual determination of exemption for any California Class Members so as to satisfy

22   their burden.  Rather, the DEFENDANT's uniform policy and practice in place at all times

23   during the CALIFORNIA CLASS PERIOD and currently in place is to systematically

24   classify PLAINTIFFS and each and every employee in the CALIFORNIA CLASS as

25   exempt from the requirements of the California Labor Code §§ 510, *et seq*., based on job

26   title alone and without regard to the employees' actual duties performed and compensation

27   received.  This common business practice applicable to each and every CALIFORNIA

28   CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or

1  deceptive under Cal. Business & Professions Code §17200, *et seq.* (the "UCL") as

2  causation, damages, and reliance are not elements of this claim.

3      24.    At no time before, during or after the PLAINTIFF's employment with

4  QULAXSERV was any of the Technician Employees properly reclassified as non-exempt

5  from the applicable requirements of California Labor Code §§ 510, *et seq.* after each

6  CALIFORNIA CLASS Member was initially, uniformly, and systematically classified as

7  exempt upon being hired.

8      25.    Any individual declarations of any California Class Members offered at this

9  time purporting to indicate that one or more of the employees in the CLASS may have been

10  properly classified is of no force or affect absent evidence that DEFENDANT had a uniform

11  system in place to satisfy DEFENDANT's burden that DEFENDANT, at all times had in

12  effect a policy and practice to determine whether the California Class Members were being

13  properly classified as exempt pursuant to Cal. Lab. Code §§ 510, *et seq.*  Absent proof of

14  such a contemporaneous system, DEFENDANT's business practice is uniformly unlawful,

15  unfair and/or deceptive under the UCL and may be so adjudicated on a classwide basis.  As

16  a result of the UCL violations, PLAINTIFF and the CALIFORNIA CLASS Members are

17  entitled to have this unfair business practice enjoined and to cause DEFENDANT to

18  disgorge its ill-gotten gains into a fluid fund and to restitute these funds to PLAINTIFF and

19  the CALIFORNIA CLASS Members according to proof.

20      26.    The CALIFORNIA CLASS, numbering more than 100 members, is so

21  numerous that joinder of all members of the CALIFORNIA CLASS is impracticable.

22      27.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS

23  under California law by:

24          (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

25              Code § 17200, *et seq.*, by unlawfully, unfairly and/or deceptively

26              having in place company policies, practices and procedures that

27              uniformly classified PLAINTIFF and the members of the

28              CALIFORNIA CLASS as exempt;

(b)     Committing an act of unfair competition in violation of the California
        Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, by
        unlawfully, unfairly, and/or deceptively having in place a company
        policy, practice and procedure that failed to accurately catalogue,
        inventory, list or otherwise determine whether the actual and primary
        duties performed by PLAINTIFF and the members of the
        CALIFORNIA CLASS were exempt work activities;

(c)     Committing an act of unfair competition in violation of the California
        Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by
        having in place a company policy, practice and procedure that failed to
        reclassify as non-exempt members of the CALIFORNIA CLASS whose
        actual and primary duties performed were not exempt activities or
        whose compensation was not in the form of a salary;

(d)     Violating Cal. Lab. Code §§510, *et seq.* by failing to pay the correct
        overtime pay to PLAINTIFFS and the members of the CALIFORNIA
        CLASS who were improperly classified as exempt;

(e)     Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and
        the members of the CALIFORNIA CLASS who were improperly
        classified as exempt with an accurate itemized statement in writing
        showing the gross wages earned, the net wages earned, all applicable
        hourly rates in effect during the pay period and the corresponding
        number of hours worked at each hourly rate by the employee;

(f)     Violating Cal. Lab. Code § 203 by failing to provide restitution of
        wages owed to PLAINTIFF and the other members of the
        CALIFORNIA CLASS who were improperly classified as exempt and
        who have terminated their employment; and,

(g)     Violating Cal. Lab. Code §2802, by failing to provide indemnification
        to PLAINTIFF and the members of the CALIFORNIA CLASS for

SECOND AMENDED CLASS ACTION COMPLAINT

1      business expenses incurred as a consequence of performing their work

2      for DEFENDANT.

3      28.   This Class Action meets the statutory prerequisites for the maintenance of a

4  Class Action as set forth in Fed. R. Civ. Proc, Rule 23, in that:

5      (a)   The persons who comprise the CALIFORNIA CLASS exceed 100

6            persons and are therefore so numerous that the joinder of all such

7            persons is impracticable and the disposition of their claims as a class

8            will benefit the parties and the Court;

9      (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief

10           issues that are raised in this Complaint are common to the

11           CALIFORNIA CLASS will apply uniformly to every member of the

12           CALIFORNIA CLASS;

13     (c)   The claims of the representative PLAINTIFF are typical of the claims

14           of each member of the CALIFORNIA CLASS.   PLAINTIFF, like all

15           other members of the CALIFORNIA CLASS, was initially classified as

16           exempt upon hiring based on job title alone and labored under

17           DEFENDANT's systematic procedure that failed to correctly analyze

18           the job functions actually performed and compensation paid in order to

19           determine whether the classification was properly made.  PLAINTIFF

20           sustained economic injury as a result of DEFENDANT's employment

21           practices.  PLAINTIFF and the members of the CALIFORNIA CLASS

22           were and are similarly or identically harmed by the same unlawful,

23           deceptive, unfair and pervasive pattern of misconduct engaged in by the

24           DEFENDANT by (1) classifying all Technician Employees as exempt

25           based upon job title alone and without regard to the actual and primary

26           duties performed by these employees and the compensation paid to

27           these employees, (2) deceptively advising all members of the

28

CALIFORNIA CLASS that they were exempt from overtime wages,
and, (3) unfairly failing to pay overtime to employees who were
improperly classified as exempt.

(d)     The representative PLAINTIFF will fairly and adequately represent and
protect the interest of the CALIFORNIA CLASS, and has retained
counsel who are competent and experienced in Class Action litigation.
There are no material conflicts between the claims of the representative
PLAINTIFF and the members of the CALIFORNIA CLASS that would
make class certification inappropriate.  Counsel for the CALIFORNIA
CLASS will vigorously assert the claims of all Class Members.

29.     In addition to meeting the statutory prerequisites to a Class Action, this action
is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23, in that:

(a)     Without class certification and determination of declaratory, injunctive,
statutory and other legal questions within the class format, prosecution
of separate actions by individual members of the CALIFORNIA
CLASS will create the risk of:

1)      Inconsistent or varying adjudications with respect to individual
members of the CALIFORNIA CLASS which would establish
incompatible standards of conduct for the parties opposing the
CALIFORNIA CLASS; and/or,

2)      Adjudication with respect to individual members of the
CALIFORNIA CLASS which would as a practical matter be
dispositive of interests of the other members not party to the
adjudication or substantially impair or impede their ability to
protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused
to act on grounds generally applicable to the CALIFORNIA CLASS,
making appropriate class-wide relief with respect to the CALIFORNIA

15

CLASS as a whole in that the DEFENDANT uniformly classified and treated the Technician Employees as exempt and, thereafter, uniformly failed to take proper steps to determine whether these employees were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

1)      With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief,  injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)      Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)      Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

16

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANTS; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the superior and only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc, Rule 23.

30.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23, because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because the DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair

17

| | | |
|---|---|---|
| 1 | | and efficient adjudication of the claims of the members of the |
| 2 | | CALIFORNIA CLASS because in the context of employment litigation |
| 3 | | a substantial number of individual Class members will avoid asserting |
| 4 | | their rights individually out of fear of retaliation or adverse impact on |
| 5 | | their employment; |
| 6 | (c) | The members of the CALIFORNIA CLASS exceed 100 people and are |
| 7 | | therefore so numerous that it is impractical to bring all members of the |
| 8 | | CALIFORNIA CLASS before the Court; |
| 9 | (d) | PLAINTIFF, and the other CALIFORNIA CLASS members, will not |
| 10 | | be able to obtain effective and economic legal redress unless the action |
| 11 | | is maintained as a Class Action; |
| 12 | (e) | There is a community of interest in obtaining appropriate legal and |
| 13 | | equitable relief for the acts of unfair competition, statutory violations |
| 14 | | and other improprieties, and in obtaining adequate compensation for the |
| 15 | | damages and injuries which DEFENDANT's actions have inflicted |
| 16 | | upon the CALIFORNIA CLASS; |
| 17 | (f) | There is a community of interest in ensuring that the combined assets of |
| 18 | | DEFENDANT are sufficient to adequately compensate the members of |
| 19 | | the CALIFORNIA CLASS for the injuries sustained; |
| 20 | (g) | DEFENDANT has acted or refused to act on grounds generally |
| 21 | | applicable to the CALIFORNIA CLASS, thereby making final class- |
| 22 | | wide relief appropriate with respect to the CALIFORNIA CLASS as a |
| 23 | | whole; |
| 24 | (h) | The members of the CALIFORNIA CLASS are readily ascertainable |
| 25 | | from the business records of DEFENDANT.  The CALIFORNIA |
| 26 | | CLASS consists of all Technician Employees working for |
| 27 | | QUALXSERV in California during the CALIFORNIA CLASS |
| 28 | | PERIOD; and, |

1         (i)     Class treatment provides manageable judicial treatment calculated to

2    bring a efficient and rapid conclusion to all litigation of all wage and

3    hour related claims arising out of the conduct of DEFENDANTS as to

4    the members of the CALIFORNIA CLASS.

5        31.     DEFENDANT maintains records from which the Court can ascertain and

6    identify by job title each of DEFENDANT's employees who as have been systematically,

7    intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and

8    procedures as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to

9    include any additional job titles of similarly situated employees when they have been

10   identified.

11

12   **THE CALIFORNIA LABOR SUB-CLASS**

13       32.     PLAINTIFFS further brings the Second, Third and Fourth causes of action

14   pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a subclass which consists of all members

15   of the CALIFORNIA CLASS who, while in California, were employed by QUALXSERV

16   during the period three (3) years prior to the filing of the complaint and ending on the date as

17   determined by the Court (CALIFORNIA LABOR SUB-CLASS PERIOD).  This subclass

18   shall be referred to herein as the "CALIFORNIA LABOR SUBCLASS."

19       33.     QUALXSERV, as a matter of company policy, practice and procedure, and in

20   violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare

21   Commission ("IWC") Wage Order Requirements intentionally, knowingly, and wilfully, on

22   the basis of job title alone and without regard to the actual overall requirements of the job

23   and compensation paid, systematically classified PLAINTIFF and other members of the

24   CALIFORNIA CLASS and CALIFORNIA LABOR SUBCLASS as exempt from overtime

25   wages and other labor laws in order to avoid the payment of overtime wages by

26   misclassifying their positions as exempt from overtime wages and other labor laws.  To the

27   extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUBCLASS

28   against QUALXSERV,  the CALIFORNIA LABOR SUB-CLASS should be adjusted

1   accordingly.

2      34.    To the extent that QUALXSERV has created a number of job levels and/or job

3   titles for these Technician Employees to create the superficial appearance of a number of

4   unique jobs, when in fact, these jobs are substantially similar, these job titles can be easily

5   grouped together for the purpose of determining whether they are exempt from overtime

6   wages and whether all overtime compensation has been paid in accordance with applicable

7   law.  QUALXSERV has uniformly misclassified these CALIFORNIA CLASS and

8   CALIFORNIA LABOR SUBCLASS  members as exempt and denied them overtime wages

9   and other benefits to which non-exempt employees are entitled in order to unfairly cheat the

10  competition and unlawfully profit.

11     35.    QUALXSERV maintains records, from which the Court can ascertain and

12  identify by job title and compensation, each of QUALXSERV's employees who as

13  CALIFORNIA CLASS and CALIFORNIA LABOR SUBCLASS  members have been

14  systematically, intentionally and uniformly misclassified as exempt as a matter of

15  DEFENDANTS' corporate policy, practices and procedures and who failed to receive all

16  overtime compensation required by law.  PLAINTIFF will seek leave to amend the

17  complaint to include these additional job titles when they have been identified.

18     36.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

19  members, which number over 100 Technician Employees, is impracticable.

20     37.    Common questions of law and fact exist as to members of the CALIFORNIA

21  LABOR SUB-CLASS, including, but not limited, to the following:

22             (a)    Whether DEFENDANT unlawfully failed to pay overtime

23                    compensation to members of the CALIFORNIA LABOR SUB-CLASS

24                    in violation of the California Labor Code and applicable regulations,

25                    Cal. Lab. Code §§ 201, 202, 203, 226, 510 and California Wage Order

26                    4-2001;

27             (b)    Whether the members of the CALIFORNIA LABOR SUB-CLASS are

28                    non-exempt employees entitled to overtime compensation for overtime

20

SECOND AMENDED CLASS ACTION COMPLAINT

1                 hours worked under the overtime pay requirements of California Law;

2         (c)     Whether DEFENDANT's policy and practice of classifying the

3                 SUBCLASS members as exempt from overtime compensation and

4                 failing to pay the CALIFORNIA LABOR SUB-CLASS members

5                 overtime violate applicable provisions of California law;

6         (d)     Whether DEFENDANT unlawfully failed to keep and furnish

7                 California members with accurate records of hours worked;

8         (e)     Whether DEFENDANT's policy and practice of failing to pay members

9                 of the CALIFORNIA LABOR SUB-CLASS all wages when due within

10                the time required by law after their employment ended violates

11                California law;

12        (f)     Whether DEFENDANT failed to provide reimbursement of business

13                expenses incurred by members of the CALIFORNIA LABOR SUB-

14                CLASS in the performance of their duties, including but not limited to

15                vehicle expenses incurred in the use of the employees' personal vehicle

16                in driving to the site locations specified by DEFENDANT;

17        (g)     Whether DEFENDANT unlawfully failed to tender full payment and/or

18                restitution of wages owed or in the manner required by California law

19                to the members of the CALIFORNIA LABOR SUBCLASS who have

20                terminated their employment; and,

21        (h)     The proper measure of damages and penalties owed to the members of

22                the CALIFORNIA LABOR SUB-CLASS.

23      38.     DEFENDANT, as a matter of corporate policy, practice and procedure,

24 classified all Technician Employees as exempt from overtime wages and other labor laws.

25 All Technician Employees, including the PLAINTIFFS, performed the same primary

26 functions and were paid by DEFENDANT according to uniform and systematic company

27 procedures.  DEFENDANT systematically failed to correctly pay overtime compensation

28 due these employees.  This business practice was uniformly applied to each and every

1    member of the CALIFORNIA LABOR SUBCLASS, and therefore, the propriety of this

2    conduct can be adjudicated on a class-wide basis.

3        39.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUBCLASS

4    under California law by:

5            (a)    Violating Cal. Lab. Code §§ 510, *et seq.* by misclassifying and thereby

6                   failing to pay PLAINTIFFS and the members of the CALIFORNIA

7                   LABOR SUBCLASS the correct overtime pay for a work day longer

8                   than eight (8) hours and/or a workweek longer than forty (40) hours,

9                   and also for all hours worked on the seventh (7th) day of a workweek

10                  for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

11           (b)    Violating Cal. Lab. Code § 203, which provides that when an employee

12                  is discharged or quits from employment, the employer must pay the

13                  employee all wages due without abatement, by failing to tender full

14                  payment and/or restitution of wages owed or in the manner required by

15                  California law to the members of the CALIFORNIA LABOR

16                  SUBCLASS who have terminated their employment;

17           (c)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFFS and

18                  the members of the CALIFORNIA LABOR CLASS who were

19                  improperly classified as exempt with an accurate itemized statement in

20                  writing showing the gross wages earned, the net wages earned, all

21                  applicable hourly rates in effect during the pay period and the

22                  corresponding number of hours worked at each hourly rate by the

23                  employee;

24           (d)    Violating Cal. Lab. Code §2802, by failing to provide indemnification

25                  to PLAINTIFF and the members of the CALIFORNIA LABOR

26                  SUBCLASS for business expenses incurred as a consequence of

27                  performing their work for DEFENDANT, including but not limited to

28                  mileage; and,

22

1        (e)     Violating Cal. Lab. Code § 203 by failing to provide restitution of

2                wages owed to members of the CALIFORNIA LABOR SUBCLASS

3                who were improperly classified as exempt and who have terminated

4                their employment.

5     40.   This Class Action meets the statutory prerequisites for the maintenance of a

6 Class Action as set forth in Fed. R. Civ. Proc, Rule 23, in that:

7        (a)     The persons who comprise the CALIFORNIA LABOR SUBCLASS

8                exceed 100 individuals and are therefore so numerous that the joinder

9                of all such persons is impracticable and the disposition of their claims

10               as a class will benefit the parties and the Court;

11       (b)     Nearly all factual, legal, statutory, declaratory and injunctive relief

12               issues that are raised in this Complaint are common to the

13               CALIFORNIA LABOR SUBCLASS and will apply uniformly to every

14               member of the CALIFORNIA LABOR SUBCLASS;

15       (c)     The claims of the representative PLAINTIFF are typical of the claims

16               of each member of the CALIFORNIA LABOR SUBCLASS.

17               PLAINTIFF, like all other members of the CALIFORNIA LABOR

18               SUBCLASS, primarily performed non-exempt duties and work on a

19               daily basis and was not paid a monthly salary that was equivalent to two

20               times the minimum wage, and was thereby improperly classified as

21               exempt and denied overtime pay as a result of DEFENDANT's

22               systematic classification practices.  PLAINTIFF and all other members

23               of the CALIFORNIA LABOR SUBCLASS sustained economic

24               injuries arising from DEFENDANT's violations of the laws of

25               California; and,

26       (d)     The representative PLAINTIFF will fairly and adequately represent and

27               protect the interest of the CALIFORNIA LABOR SUBCLASS, and has

28               retained counsel who are competent and experienced in Class Action

23

1    litigation.  There are no material conflicts between the claims of the

2    representative PLAINTIFF and the members of the CALIFORNIA

3    LABOR SUBCLASS that would make class certification inappropriate.

4    Counsel for the CALIFORNIA LABOR SUBCLASS will vigorously

5    assert the claims of all Class Members.

6    41.    In addition to meeting the statutory prerequisites to a Class Action, this action

7    is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23, in that:

8    (a)    Without class certification and determination of declaratory, injunctive,

9    statutory and other legal questions within the class format, prosecution

10   of separate actions by individual members of the CALIFORNIA

11   LABOR SUBCLASS will create the risk of:

12   1)    Inconsistent or varying adjudications with respect to individual

13   members of the CALIFORNIA LABOR SUBCLASS which

14   would establish incompatible standards of conduct for the parties

15   opposing the CALIFORNIA LABOR SUBCLASS; or,

16   2)    Adjudication with respect to individual members of the

17   CALIFORNIA LABOR SUBCLASS which would as a practical

18   matter be dispositive of interests of the other members not party

19   to the adjudication or substantially impair or impede their ability

20   to protect their interests.

21   (b)    The parties opposing the CALIFORNIA LABOR SUBCLASS have

22   acted or refused to act on grounds generally applicable to the

23   CALIFORNIA SUBCLASS, making appropriate class-wide relief with

24   respect to the SUBCLASS as a whole in that the DEFENDANT

25   uniformly classified and treated all Technician Employees as exempt

26   and, thereafter, uniformly failed to take proper steps to determine

27   whether the Technician Employees were properly classified as exempt

28   on a continuing basis, which is DEFENDANT's burden, and thereby

24

1    denied these employees overtime wages as required by law; and,

2    (c)    Common questions of law and fact predominate as to the members of

3    the CALIFORNIA LABOR SUBCLASS, with respect to the practices

4    and violations of California Law as listed above, and predominate over

5    any question affecting only individual members, and a Class Action is

6    superior to other available methods for the fair and efficient

7    adjudication of the controversy, including consideration of:

8    1)    The interests of the members of the CALIFORNIA LABOR

9    SUBCLASS in individually controlling the prosecution or

10    defense of separate actions in that the substantial expense of

11    individual actions will be avoided to recover the relatively small

12    amount of economic losses sustained by the individual

13    CALIFORNIA LABOR SUBCLASS members when compared

14    to the substantial expense and burden of individual prosecution

15    of this litigation;

16    2)    Class certification will obviate the need for unduly duplicative

17    litigation that would create the risk of:

18    A.    Inconsistent or varying adjudications with respect to

19    individual members of the CALIFORNIA LABOR

20    SUBCLASS, which would establish incompatible

21    standards of conduct for the DEFENDANTS; and/or,

22    B.    Adjudications with respect to individual members of the

23    CALIFORNIA LABOR SUBCLASS would as a practical

24    matter be dispositive of the interests of the other members

25    not parties to the adjudication or substantially impair or

26    impede their ability to protect their interests;

27    3)    In the context of wage litigation because a substantial number of

28    individual class members will avoid asserting their legal rights

25

out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc, Rule 23.

42.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23, because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUBCLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUBCLASS because in the context of employment litigation a substantial number of individual Class members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUBCLASS exceed 100 individuals and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUBCLASS before the Court;

(d)   PLAINTIFFS, and the other CALIFORNIA LABOR SUBCLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

26

1
2
3
4
5

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUBCLASS;

6
7
8

(f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUBCLASS for the injuries sustained;

9
10
11
12

(g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUBCLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUBCLASS as a whole;

13
14
15
16
17
18

(h) The members of the CALIFORNIA LABOR SUBCLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUBCLASS consists of all Technician Employees who were subjected to the DEFENDANT's employment practices and who worked overtime hours for DEFENDANT but did not receive the overtime compensation required by law; and,

19
20
21
22

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUBCLASS.

23

24

## JURISDICTION AND VENUE

25
26
27
28

43. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C.§1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. §1332 (CAFA Jurisdiction).  The action is brought as a class action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that

1   exceeds 100 people, that involves more than $5,000,000 in controversy, and where the

2   citizenship of at least one member of the class is diverse from that of DEFENDANT.

3   PLAINTIFF bring this action on his own behalf, and on behalf of all persons within the

4   Class as herein defined.

5     44. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391

6   because (i) DEFENDANT conducts and conducted substantial business within this judicial

7   district and maintains offices in this judicial district, (ii) the causes of action alleged herein

8   arose in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful

9   conduct against members of the class in this district.

10

11          **FIRST CAUSE OF ACTION**

12         **For Unlawful Business Practices**

13       **[Cal. Bus. And Prof. Code § 17200 et seq.]**

14    **(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

15     45. PLAINTIFF, and the other members of the CALIFORNIA CLASS,

16   reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1

17   through 44 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and

18   the CALIFORNIA CLASS.

19     46. DEFENDANT is a "person" as that term is defined under Cal. Bus. and

20   Prof. Code § 17021.

21     47. California Business & Professions Code § 17200 *et seq.* (the "UCL")

22   defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

23   Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to

24   unfair competition as follows:

25     Any person who engages, has engaged, or proposes to engage in unfair

26     competition may be enjoined in any court of competent jurisdiction. The court

27     may make such orders or judgments, including the appointment of a receiver,

28     as may be necessary to prevent the use or employment by any person of any

1  practice which constitutes unfair competition, as defined in this chapter, or as

2  may be necessary to restore to any person in interest any money or property,

3  real or personal, which may have been acquired by means of such unfair

4  competition.

5  California Business & Professions Code § 17203.

6      48.    Through the conduct alleged herein, DEFENDANT has engaged in an

7  unlawful, unfair, and/or deceptive business practice by violating California law, including

8  but not limited to provisions of the Wage Orders, the Regulations implementing the Fair

9  Labor Standards Act as enacted by the Secretary of Labor, the California Labor Code, the

10  Code of Federal Regulations and the California Code of Regulations, the opinions of the

11  Department of Labor Standards Enforcement, the opinions of the Department of Labor,

12  California Labor Code § 510, California Labor Code § 226, California Labor Code § 2802,

13  and California Labor Code § 203, by unfairly violating the public policy of the state of

14  California to take all reasonable steps to properly classify employees as exempt or non-

15  exempt and by deceptively telling PLAINTIFF and the members of the CALIFORNIA

16  CLASS that they were all exempt from overtime compensation when DEFENDANTS knew

17  this statement to be untrue, for which this Court should issue declaratory, injunctive and

18  other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to

19  prevent and remedy the conduct held to constitute unfair competition.

20      49.    By and through the unlawful, unfair, and/or deceptive  business practices

21  described herein, DEFENDANT has obtained valuable property, money, and services from

22  PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them

23  of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

24  DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and

25  injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary

26  compensation alone would not afford adequate and complete relief.

27      50.    All the acts described herein as violations of, among other things, the Cal. Lab.

28  Code, California Code of Regulations, and the Industrial Welfare Commission Wage Orders,

1   are unlawful, are in violation of public policy, are immoral, unethical, oppressive, and

2   unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair

3   and unlawful business practices in violation of Cal. Bus. and Prof. Code § 17200 *et seq.*

4        51.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are

5   further entitled to, and do, seek a declaration that the above described business practices are

6   deceptive unfair and/or unlawful and that an injunctive relief should be issued restraining

7   DEFENDANT from engaging in any practice adjudicated by the Court to be a deceptive,

8   unfair and/or unlawful business practices.

9        52.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, have no

10   plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

11   practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur

12   unabated.  As a result of the unfair and unlawful business practices described above,

13   PLAINTIFF, and the other members of the CALIFORNIA CLASS, have suffered and will

14   continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to

15   engage in these unfair and unlawful business practices.  In addition, DEFENDANT should

16   be required to disgorge their ill gotten gains into a fluid fund and to make restitution to

17   PLAINTIFF, and the other members of the CALIFORNIA CLASS.

18

19   **SECOND CAUSE OF ACTION**

20   **For Failure To Pay Overtime Compensation**

21   **[Cal. Lab. Code §§ 203, 204, 210, 510, 1194, 1197 and 1198]**

22   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against all**

23   **Defendants)**

24        53.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

25   CLASS, reallege and incorporate by this reference, as though fully set forth herein,

26   paragraphs 1 through 52 of this Complaint.

27        54.    Cal. Lab. Code § 204 requires employers to pay employees for all hours

28   worked as follows: "all wages... ...earned by any person in any employment are due and

1  payable twice during each calendar month, on days designated in advance by the employer

2  as the regular paydays."  Cal. Lab. Code § 510 further provides that employees in California

3  shall not be employed more than eight (8) hours in any workday or forty (40) hours in a

4  workweek or on a seventh (7th) consecutive workday of a workweek unless they receive

5  additional compensation beyond their regular wages in amounts specified by law.

6      55.   Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

7  labor is entitled to one day's rest therefrom in seven."

8      56.   Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

9  employees to work more than six days in seven."

10      57.   Cal. Lab. Code § 1194 states:

11          Notwithstanding any agreement to work for a lesser wage, any employee

12          receiving less than the legal minimum wage or the legal overtime

13          compensation applicable to the employee is entitled to recover in a civil action

14          the unpaid balance of the full amount of this minimum wage or overtime

15          compensation, including interest thereon, reasonable attorney's fees, and costs

16          of suit.

17      58.   Cal. Lab. Code § 1198 provides:

18          The maximum hours of work and the standard conditions of labor fixed by the

19          commission shall be the maximum hours of work and the standard conditions

20          of labor for employees.  The employment of any employee for longer hours

21          than those fixed by the order or under conditions of labor prohibited by the

22          order is unlawful.

23      59.   QUALXSERV has intentionally and uniformly designated certain employees

24  as "exempt" from receiving wages for all hours worked and from receiving certain other

25  rights, by their job title and without regard to QUALXSERV's realistic expectations, the

26  requirements of the job, and the method of compensation payment made by QUALXSERV,

27  including PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS

28  who worked on the production side of the QUALXSERV's business enterprise.  This was

1  done in an illegal attempt to avoid payment of regular and overtime wages and other benefits

2  in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

3        60.     Pursuant to the Wage Order applicable QUALXSERV, only employees whose

4  primary job duties meet the test of exemption as a(n) "executive," "administrator," or

5  "professional,"  may be exempt from the provisions of the Wage Order that require the

6  payment of minimum wage and overtime.  The primary job duties of the PLAINTIFF and

7  the members of the CALIFORNIA LABOR SUB-CLASS would not qualify these

8  employees to meet any of these exemptions.  In addition, the lack of independent discretion

9  with respect to matters of significance, the method of compensation and the amount of

10  compensation also would not qualify these employees to meet any of these exemptions.

11  Finally, the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS do

12  not receive a monthly salary that is equivalent to two times the minimum wage as is required

13  for an exemption as an exempt "executive," "administrator," or "professional,"

14        61.     For an employee to be exempt as a bona fide "executive," all the following

15  criteria must be met and DEFENDANT have the burden of proving that:

16        (a)     The employee's primary duty must be management of the enterprise, or of a

17                customarily recognized department or subdivision; and,

18        (b)     The employee must customarily and regularly direct the work of at least two

19                (2) or more other employees; and,

20        (c)     The employee must have the authority to hire and fire, or to command

21                particularly serious attention to his or his recommendations on such actions

22                affecting other employees; and,

23        (d)     The employee must customarily and regularly exercise discretion and

24                independent judgment; and,

25        (e)     The employee must be primarily engaged in duties which meet the test of

26                exemption; and,

27        (f)     The employee must also earn a monthly salary equivalent to no less than (2)

28                times the state minimum wage for full-time employment.

1   No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because

2   they all fail to meet the requirements of being an "executive" within the meaning of Order

3   No. 4-2001.

4        62.    For an employee to be exempt as a bona fide "administrator," all of the

5   following criteria must be met and DEFENDANTS have the burden of proving that:

6       (a)    The employee must perform office or non-manual work directly related to

7           management policies or general business operation of the employer; and,

8       (b)    The employee must customarily and regularly exercise discretion and

9           independent judgment; and,

10      (c)    The employee must regularly and directly assist a proprietor or an exempt

11          administrator; or,

12      (d)    The employee must perform, under only general supervision, work requiring

13          special training, experience, or knowledge, or,

14      (e)    The employee must execute special assignments and tasks under only general

15          supervision; and,

16      (f)    The employee must be primarily engaged in duties which meet the test of

17          exemption; and,

18      (g)    The employee must also earn a monthly salary equivalent to no less than (2)

19          times the state minimum wage for full-time employment.

20  No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because

21  they all fail to meet the requirements for being  an "administrator" under Order No. 4-2001.

22       63.    The Industrial Welfare Commission, ICW Wage Order 4-2001 also sets forth

23  the requirements which must be complied with to place an employee in the "professional"

24  exempt category.  For an employee to be exempt as a bona fide professional, all the

25  following criteria must be met:

26      (a)    The employee must primarily perform work that is intellectual or creative and

27          that requires the exercise of discretion and independent judgment.

28      (b)    The employee must be licensed of certified by the state of California and is

1   primarily engaged in the practice of one of the following recognized

2   professions: law, medicine, dentistry, optometry, architecture, engineering,

3   teaching or accounting.

4   (c)   The employee must also earn a monthly salary equivalent to no less than (2)

5   times the state minimum wage for full-time employment

6   No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because

7   they all fail to meet the requirements for being  an "professional" under Order No. 4-2001.

8   64.   PLAINTIFFS, and other members of the CALIFORNIA LABOR SUB-

9   CLASS, do not fit the definition of an exempt executive, administrative, or professional

10   employee because:

11   (a) These employees do not primarily perform managerial or

12   administrative (exempt) duties;

13   (b) Their work hours are primarily spent performing non-exempt duties,

14   including but not limited to performing manual labor;

15   (c) They do not have the discretion or independent judgment, in that they must

16   follow exacting and comprehensive company-wide policies and procedures

17   which dictate every aspect of their work day;

18   (d) They do not have the authority to hire and/or fire other personnel; and,

19   (e) PLAINTIFF and the other members of the CALIFORNIA CLASS did not

20   earn a monthly salary equivalent to two (2) times the state minimum wage for

21   full-time employment.

22   65.   During the class period, PLAINTIFF, and other members of the

23   CALIFORNIA LABOR SUBCLASS, worked more than eight (8) hours in a workday and/or

24   forty (40) hours in a work week and/or on the seventh (7th) consecutive day of a workweek.

25   66.   At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other

26   members of the CALIFORNIA LABOR SUBCLASS, overtime compensation for the hours

27   they worked in excess of the maximum hours permissible by law as required by Cal. Lab.

28   Code §§ 510 and 1198, *et seq.* and the Wage Order, even though PLAINTIFF, and the other

34

1  members of the CALIFORNIA LABOR SUB-CLASS, did in fact regularly work overtime

2  hours for QUALXSERV.

3      67.    By virtue of DEFENDANT's unlawful failure to pay additional compensation

4  to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for

5  their overtime hours, PLAINTIFF, and the other members of the CALIFORNIA LABOR

6  SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts

7  which are presently unknown to them and which will be ascertained according to proof at

8  trial.

9      68.    DEFENDANT knew or should have known that PLAINTIFF, and the other

10 members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt from

11 overtime wages and DEFENDANT systematically elected, either through intentional

12 malfeasance or gross nonfeasance, not to properly pay them for their overtime labor as a

13 matter of uniform corporate policy, practice and procedure.

14     69.    Therefore, PLAINTIFF, and the other members of the CALIFORNIA

15 LABOR SUB-CLASS, request recovery of regular and overtime compensation according to

16 proof, interest, attorney's fees and costs pursuant to Cal. Lab. Code § 1194(a), as well as the

17 assessment of any statutory penalties against DEFENDANT for this conduct, in a sum as

18 provided by the Cal. Lab. Code and/or other statutes.

19     70.    The members of the CALIFORNIA LABOR SUB-CLASS are owed overtime

20 wages as herein alleged.  PLAINTIFF and many of the CALIFORNIA LABOR SUB-

21 CLASS members have terminated their employment and DEFENDANTS have not tendered

22 payment of all overtime wages owed.  Therefore, as provided by Cal Lab. Code § 203, on

23 behalf of PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

24 whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for

25 not paying all wages due at time of termination for all employees who terminated

26 employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, plus interest.  The

27 waiting time penalties are owed as a matter of law to those members of the CALIFORNIA

28 LABOR SUB-CLASS whose employment has terminated as a result of DEFENDANT's

1  non-payment of overtime wages.

2      71.    In performing the acts and practices herein alleged in violation of labor laws

3  and refusing to provide the requisite overtime compensation, the DEFENDANT acted and

4  continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

5  toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

6  and utter disregard of their legal rights, or the consequences to them, and with the despicable

7  intent of depriving them of their property and legal rights and otherwise causing them injury

8  in order to increase corporate profits at the expense of the rights and property interests of

9  PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS.

10

11  **THIRD CAUSE OF ACTION**

12  **For Failure to Provide Accurate Itemized Statements**

13  **[Cal. Lab. Code § 226]**

14  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS)**

15      72.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

16  CLASS, reallege and incorporate by this reference, as though fully set forth herein,

17  paragraphs 1 through 71 of this Complaint.  This cause of action is brought on behalf of

18  PLAINTIFF and the CALIFORNIA LABOR SUBCLASS.

19      73.    Cal. Labor Code § 226 provides that an employer must furnish employees with

20  an "accurate itemized statement in writing showing:

21      (1) gross wages earned,

22      (2) total hours worked by the employee, except for any employee whose

23      compensation is solely based on a salary and who is exempt from payment of

24      overtime under subdivision (a) of Section 515 or any applicable order of the

25      Industrial Welfare Commission,

26      (3) the number of piecerate units earned and any applicable piece rate if the employee

27      is paid on a piece-rate basis,

28      (4) all deductions, provided that all deductions made on written orders of the

employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

74.    At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  In fact, the wage statements inaccurately,  falsely and uniformly represent that the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS worked forty (40) hours each week, when in fact the actual numbers of hours worked by these employees exceeded forty hours.

75.    DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUBCLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR

37

1   SUBCLASS herein).

2

3                          **FOURTH CAUSE OF ACTION**

4              **For Failure to Provide Indemnification of Business Expenses**

5                           **[Cal. Lab. Code § 2802]**

6         **(By PLAINTIFF and the CALIFORNIA CLASS and against All Defendants)**

7              76.    PLAINTIFF, and the other members of the CALIFORNIA CLASS,

8   reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1

9   through 75 of this Complaint.  This cause of action is brought on behalf of PLAINTIFF and

10  the CALIFORNIA LABOR SUBCLASS.

11             77.    Pursuant to Cal. Labor Code § 2802, DEFENDANT is required to reimburse

12  PLAINTIFF and other members of the CALIFORNIA CLASS for the expenses incurred by

13  them in the performance of their job duties, including but not limited to expenses incurred

14  by the use of their vehicles resulting from the performance of their job duties at the sites

15  specified by DEFENDANT, at a reasonable rate.

16             78.    At all times relevant herein, DEFENDANT violated Labor Code § 2802, in

17  that during the last three years, PLAINTIFF and the other members of the CALIFORNIA

18  CLASS have been required to personally incur and pay for these expenses in the discharge

19  of their employment duties all without reimbursement from the DEFENDANT.

20  DEFENDANT's company policy and practice was not to pay employees such

21  reimbursement for business expenses in violation of Cal. Labor Code §2802 and California

22  regulations.

23             79.    As a proximate result of the aforementioned violations, PLAINTIFF, and the

24  other members of the CALIFORNIA CLASS, have been damaged in an amount according

25  to proof at trial.  Pursuant to Labor Code § 2802, PLAINTIFF and the other members of the

26  CALIFORNIA CLASS are entitled to recover the full amount of expenses they incurred in

27  the course of the job duties, plus reasonable attorneys' fees, costs of suit and interest thereon

28  from the date the expense was incurred.

# FIFTH CAUSE OF ACTION

## For Failure to Pay Overtime Compensation

## [ FLSA, 29 U.S.C. § 201, *et seq.*]

## (By PLAINTIFF and the COLLECTIVE CLASS)

80.     PLAINTIFF, and the other members of the COLLECTIVE CLASS,  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

81.     PLAINTIFF also brings this lawsuit on behalf of himself individually and as collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons nationwide who were, are, or will be employed by QUALXSERV in a position entitled "Tech", "Technician," "Service Partner" or "Service Representative", or in any other substantially similar positions (collectively "Technician Employees") during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who were classified as exempt from overtime compensation based on job title alone (the "COLLECTIVE CLASS").  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANTS, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.  The COLLECTIVE CLASS includes all such persons, whether or not they were paid by piece rate, by commission, by salary, or by part piece rate and part salary.

82.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, are not paid a salary but instead are paid on a piece rate basis based upon the number of tickets closed by that employee.

83.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.     Whether DEFENDANT misclassified PLAINTIFF and members of the COLLECTIVE CLASS as exempt from receiving compensation for all hours worked, including federal overtime compensation;

39

1          b.      Whether DEFENDANTS failed to adequately compensate the members

2                of the COLLECTIVE CLASS for all hours worked in excess of forty

3                (40) in a workweek as required by the FLSA, including the time worked

4                through their meal periods;

5          c.      Whether DEFENDANTS should be enjoined from continuing the

6                practices which violate the FLSA; and,

7          d.      Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

8      84.    The Fifth cause of action for the violations of the FLSA may be brought and

9 maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

10 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE

11 CLASS because the claims of the PLAINTIFF are similar to the claims of the members of

12 the prospective COLLECTIVE CLASS.

13      85.    PLAINTIFF and the other members of the COLLECTIVE CLASS are

14 similarly situated, have substantially similar job requirements and pay provisions, and are

15 subject to DEFENDANT's common and uniform policy and practice of misclassifying their

16 employees, failing to pay for all overtime hours worked and overtime wages earned, and

17 failing to accurately record all hours worked by these employees in violation of the FLSA

18 and the Regulations implementing the Act as enacted by the Secretary of Labor (the

19 "REGULATIONS").

20      86.    DEFENDANT is engaged in communication, business, and transmission

21 throughout the United States and is, therefore, engaged in commerce within the meaning of

22 29 U.S.C. § 203(b).

23      87.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to

24 willful violations of the FLSA.  The violations of the FLSA alleged herein were willful.

25      88.    The Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., states that an employee

26 must be compensated for all hours worked, including all straight time compensation and

27 overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has

28 concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29

1  U.S.C. § 216.

2      89.    Section 207(a) of the FLSA provides that:

3          Except as otherwise provided in this section, no employer shall employ any of

4          his employees who in any workweek is engaged in commerce or in the

5          production of goods for commerce, or is employed in an enterprise engaged in

6          commerce or in the production of goods for commerce, for a workweek longer

7          than forty hours unless such employee receives compensation for his

8          employment in excess of the hours above specified at a rate not less than one

9          and one-half times the regular rate at which he is employed.

10     90.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement

11  does not apply to:

12         any employee employed in a bona fide executive, administrative, or

13         professional capacity (including any employee employed in the capacity of

14         academic administrative personnel or teacher in elementary or secondary

15         schools), or in the capacity of outside salesman (as such terms are defined and

16         delimited from time to time by regulations of the Secretary, subject to the

17         provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.]

18         except [that] an employee of a retail or service establishment shall not be

19         excluded from the definition of employee employed in a bona fide executive

20         or administrative capacity because of the number of hours in his workweek

21         which he devotes to activities not directly or closely related to the performance

22         of executive or administrative activities, if less than 40 per centum of his hours

23         worked in the workweek are devoted to such activities).

24     91.    QUALXSERV has willfully engaged in a widespread pattern and practice of

25  violating the provisions of the FLSA, as detailed above, by uniformly designating certain

26  employees as "exempt" employees, by their job title and without regard to DEFENDANT's

27  realistic expectations and actual overall requirements of the job, including PLAINTIFF and

28  the other members of the COLLECTIVE CLASS who worked on the production side of the

41

1    DEFENDANT's business enterprise.  This was done in an illegal attempt to avoid payment
2    of overtime wages and other benefits in violation of the FLSA and Code of Federal
3    Regulations requirements.

4          92.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.,
5    PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to overtime
6    compensation for all overtime hours actually worked, including time spent driving to and
7    from sites and working at locations to perform the services as instructed by DEFENDANT.
8    PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to wages at a rate
9    not less than one and one-half times their regular rate of pay for all hours worked in excess
10   of forty (40) hours in any workweek.

11         93.     29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the
12   exempt status of an employee. The exempt or nonexempt status of any particular employee
13   must be determined on the basis of whether the employee's salary and duties meet the
14   requirements of the regulations in this part.

15         94.     The exemptions of the FLSA as listed in section 13(a)(15) do not apply to
16   PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work
17   consists of non-management, manual, and production line labor and because they are not
18   paid a salary in the required amount.

19         95.     For an employee to be exempt as a bona fide "executive," all the following
20   criteria must be met and DEFENDANTS have the burden of proving that:

21         (a)     The employee is compensated on a salary basis at a rate of not less than $ 455
22              per week.

23         (b)     The employee's primary duty must be management of the enterprise, or of a
24              customarily recognized department or subdivision;

25         (c)     The employee must customarily and regularly direct the work of at least two
26              (2) or more other employees;

27         (d)     The employee must have the authority to hire and fire, or to command
28              particularly serious attention to his or his recommendations on such actions

1    affecting other employees; and,

2    (e)    The employee must be primarily engaged in duties which meet the test of

3           exemption.

4    No member of the COLLECTIVE CLASS was or is an executive because they all fail to

5    meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R.

6    541.100.

7    96.    For an employee to be exempt as a bona fide "administrator," all of the

8    following criteria must be met and DEFENDANTS have the burden of proving that:

9    (a)    The employee is compensated on a salary basis at a rate of not less than $ 455

10          per week.

11   (b)    The employee must perform office or non-manual work directly related to

12          management or general business operation of the employer or the employer's

13          customers;

14   (c)    The employee must customarily and regularly exercise discretion and

15          independent judgment with respect to matters of significance; and,

16   (d)    The employee must regularly and directly assist a proprietor or an exempt

17          administrator; or,

18   (e)    The employee must perform under only general supervision, work requiring

19          special training, experience, or knowledge; and,

20   (f)    The employee must be primarily engaged in duties which meet the test of

21          exemption.

22   No member of the COLLECTIVE CLASS was or is an administrator because they all fail to

23   meet the requirements for being an "administrator" under section 13(a) of the FLSA and 29

24   C.F.R. 541.200.   PLAINTIFF and the other members of the COLLECTIVE CLASS

25   perform their primary, day to day duties on the production side of the QUALXSERV

26   enterprise without the requisite amount of discretion and independent judgment required to

27   qualify for the administrative exemption.  PLAINTIFF and the other members of the

28   COLLECTIVE CLASS are also not compensated on a salary basis in the requisite amount as

43

1  is required by law to qualify for the administrative exemption.

2      97.    During the COLLECTIVE CLASS PERIOD, PLAINTIFF, and other

3  members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week.

4      98.    At all relevant times, DEFENDANT failed to pay PLAINTIFF, and other

5  members of the COLLECTIVE CLASS overtime compensation for the hours they have

6  worked in excess of the maximum hours permissible by law as required by section 7 of the

7  FLSA, even though PLAINTIFF and the other members of the COLLECTIVE CLASS,

8  were regularly required and scheduled to work, and did in fact work, overtime hours.

9      99.    For purposes of the Fair Labor Standards Act, the employment practices of

10  DEFENDANT concerning the classification of and payment of overtime wages to

11  Technician Employees were and are uniform throughout the United States in all respects

12  material to the claims asserted in this Complaint.

13      100.    As a result of DEFENDANT's failure to pay overtime compensation for hours

14  worked, as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE

15  CLASS were damaged in an amount to be proved at trial.

16      101.    PLAINTIFF, therefore, demand that he and the other members of the

17  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every

18  hour of overtime worked in any work week for which they were not compensated, liquidated

19  damages, plus interest and attorneys' fees as provided by law.

20

21              **SEVENTH CAUSE OF ACTION**

22          **Labor Code Private Attorneys General Act**

23              **[Cal. Labor Code § 2698]**

24  **(By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)**

25      102.    PLAINTIFF, and the other members of the CLASS, reallege and incorporate

26  by this reference, as though fully set forth herein, paragraphs 1 through 101 of this

27  Complaint.

28      103.    On January 26, 2009, PLAINTIFF gave written notice by certified mail to the

1   Labor and Workforce Development Agency (the "LWDA") and the employer of the specific

2   provisions of this code alleged to have been violated as required by Labor Code § 2699.3.

3   PLAINTIFF'S notice to the LWDA complied fully with the requirements of Labor Code §

4   2699.3 and provided notice of the specific provisions of this code alleged to have been

5   violated as well as the facts and theories which support the alleged violation.

6   DEFENDANTS failed and refused to correct, cure and remedy the identified violations.  On

7   February 19, 2009, PLAINTIFF received notice that the LWDA does not intend to

8   investigate PLAINTIFF'S allegations.  (A true and correct copy of this February 19, 2009

9   letter from the LWDA is attached hereto as Exhibit # 1).  As a result, pursuant to Section

10   2699.3, PLAINTIFF may now commence a civil action pursuant to Section 2699 as a matter

11   of right.

12       104.   The policies, acts and practices heretofore described were and are an unlawful

13   business act or practice because DEFENDANTS' failure to pay wages, failure to provide

14   rest and meal period breaks, failure to pay wages and compensation for work without rest

15   and meal period breaks and failure to provide accurate wage statements and maintain

16   accurate time records for PLAINTIFF and the other members of the CLASS violates

17   applicable Labor Code sections and gives rise to statutory penalties as a result of such

18   conduct, including but not limited to penalties as provided by Labor Code §§ 221, 226,

19   226.7, 558, 1174 and 1194, applicable Industrial Welfare Commission Wage Orders.

20   PLAINTIFF, as an aggrieved employee, hereby seeks recovery of civil penalties as

21   prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves

22   and other current and former employees of DEFENDANTS which comprise the CLASS,

23   against whom one or more of the violations of the Labor Code was committed.  In addition,

24   PLAINTIFF, as an aggrieved employee, hereby seeks recovery of civil penalties as

25   prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of the State of

26   California and/or the LWDA, to the fullest extent available under the law.

27

28

### **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc., rule 23;

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASSES; and,

    D)  Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUBCLASS:

    A)  That the Court certify the Second, Third, and Fourth, Causes of Action asserted by the CALIFORNIA LABOR SUBCLASS as a class action pursuant to Fed. R. Civ. Proc., rule 23;

    B)  Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUBCLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

    C)  The wages of all terminated employees in the CALIFORNIA LABOR SUBCLASS, including PLAINTIFF, as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, for violation of Cal. Lab. Code § 203 in accordance with applicable law;

    E)  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each

46

member of the CALIFORNIA LABOR SUBCLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs and reasonable attorney's fees for violation of Cal. Lab. Code § 226.

3. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B) That the Court declare the rights and duties of the parties consistent with the relief sought by PLAINTIFF;

C) Issue a declaratory judgment that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D) That DEFENDANTS be enjoined from further violations of the Fair Labor Standards Act;

E) That the PLAINTIFF and the members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate.

B) An award of liquidated damages, statutory damages, including reasonable attorneys' fees and cost of suit, but only to the extent that such reasonable attorneys' fees and costs are recoverable pursuant to Cal. Lab. Code §1194 and 29 U.S.C. § 216(b).  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5;

C) Such other and further relief as the Court deems just and equitable.

1    Dated:   March 18, 2009              BLUMENTHAL, NORDREHAUG & BHOWMIK

2
                                          By:    /s/ Norman B. Blumenthal
3                                                Norman B. Blumenthal
                                                 Attorneys for Plaintiffs
4
                                          UNITED EMPLOYEES LAW GROUP
5                                                Walter Haines, Esq.
                                                 65 Pine Ave, #312
6                                                Long Beach, CA 90802
                                                 Telephone: (562) 256-1047
7                                                Facsimile: (562) 256-1006

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

1

2                        **DEMAND FOR JURY TRIAL**

3          PLAINTIFF demands a jury trial on issues triable to a jury.

4

5   Dated:   March 18, 2009              BLUMENTHAL, NORDREHAUG & BHOWMIK

6
                                         By:    */s/ Norman B. Blumenthal*
7                                              Norman B. Blumenthal
                                               Attorneys for Plaintiffs
8
                                         UNITED EMPLOYEES LAW GROUP
9                                              Walter Haines, Esq.
                                               65 Pine Ave, #312
10                                             Long Beach, CA 90802
                                               Telephone: (562) 256-1047
11                                             Facsimile: (562) 256-1006

12

13

14

15

16
    G:\D\NBB\Schultz v. Qualxserve\p-SAC.wpd
17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

SECOND AMENDED CLASS ACTION COMPLAINT

+BB|KH|A-J|CA 404



# C A L I F O R N I A
# Labor & Workforce Development Agency

THE GREAT SEAL OF THE STATE OF CALIFORNIA · EUREKA

**Governor**
Arnold
Schwarzenegger

**Acting Secretary**
Douglas Hoffner

Agricultural
Labor
Relations
Board

California
Business
Investment
Services

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

February 19, 2009                                    **CERTIFIED MAIL**

Blumenthal & Nordrehaug
2255 Calle Clara
La Jolla, CA  92037

RE: Employer:      Qualxserv, LLC
RE: Employee(s):   George Schultz
RE: LWDA No:       4404

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked January 26, 2009 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned Case Number in any future correspondence.

Sincerely,

*Robert A. Jones*

Robert Jones
Deputy Secretary, Special Counsel

Cc:    Qaulxserv, LLC                          CERTIFIED MAIL
       c/o CT Corporation
       836 North Street
       Tweksbury, MA  01876