cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SCHULTZ, an individual; on behalf of himself and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br>v.<br>QUALXSERV, LLC, a Delaware company,<br>                Defendants. | Civil No.09cv0017 LAB (AJB)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>[Doc. No. 28.] |

      Plaintiff George Schulz ("Schulz" or "Plaintiff") and defendant QualxServ, LLC ("QualxServ" or the "Company") anticipate seeking and/or disclosing in the course of discovery information that may be privileged, confidential, or proprietary. This information includes financial and proprietary information of Defendant, and the personal and private information of Defendant's employees.

      In order to protect the confidentiality of confidential information obtained by Plaintiff and Defendant (collectively the "Parties" or individually the "Party") in connection with the above-captioned action (the Action"), the Parties agree and the Court hereby ORDERS as follows:

1.    The provisions of this Confidentiality Stipulation and Protective Order ("Order") shall govern the use and handling of all documents, written responses to discovery and all other information in whatever form produced or given by any Party in this action which is designated "Confidential" in accordance with the terms hereof. The Parties will designate as "Confidential" only that information

which they believe contains confidential, private and/or proprietary information.  Each Party shall exercise good faith in designating information as "Confidential."

2.     Any Party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that Party considers in good faith to contain information involving personal information, trade secrets, confidential business or financial information, or other information the disclosure of which is restricted or prohibited by applicable law.  Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.  Any Party that has produced documents to another Party prior to signing this stipulation may designate certain of those documents as "Confidential" by forwarding to opposing counsel a letter specifying which documents are deemed "Confidential."  All documents designated "Confidential" are hereinafter identified as "Confidential Information."

3.     All Confidential Information produced or exchanged in the course of this Action (other than information that is publicly available) shall be used by the Party or Parties to whom the information is produced solely for the purpose of this Action pursuant to the terms of this Order..

4.     Testimony taken at a deposition, conference, hearing or trial may be designated as "Confidential" by making a statement to that effect on the record at the deposition or other proceeding or, in the case of a deposition, such designation may be made within ten (10) court days after the receipt of the deposition transcript.  Transcripts will be treated as confidential for the 10-day period.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "Confidential" and to label such portions appropriately.  Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 5.

5.     Except with the prior written consent of the other Parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a.     Counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

b.     Employees of such counsel;

1  c.   Individual Parties and any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

d.   Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this stipulation (which shall be retained by counsel to the Party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

e.   Any authors or recipients of the Confidential Information;

f.   The Court, Court personnel, and court reporters;

g.   Jurors; and

h.   Witnesses and potential witnesses (other than persons described in paragraph 5(e)).  A witness or potential witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition or at trial at which the Party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the Party may be used.  At the request of any Party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential."  Witnesses shown Confidential Information shall not be allowed to retain copies.

6.   Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.   In the event that a Party seeks to file with the Court a document containing or constituting Confidential Information, that Party will first file the document under seal pursuant to the Court's rules unless the Party who designated the material agrees in advance and in writing that the document may be filed in the ordinary course.

8.   If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material with a good faith explanation of why the challenging party believes the material is not entitled to confidential treatment.  The Party who designated the material shall have twenty-five (25) calendar days from the receipt of

1  such written notice to apply to the Court for an order designating the material as confidential. The Party
2  seeking the order has the burden of establishing that the material is entitled to protection.
3  9.     Notwithstanding any challenge to the designation of material as Confidential Information, all
4  documents shall be treated as such and shall be subject to the provisions hereof unless and until one of
5  the following occurs:
6  a.     The Party who claims that the material is Confidential Information withdraws such designation
7  in writing; or
8  b.     The Party who claims that the material is Confidential Information fails to apply to the Court for
9  an order designating the material confidential within the time period specified above after receipt of a
10 written challenge to such designation; or
11 c.     The Court rules the material is not Confidential Information.
12 10.    If any information produced in response to discovery requests in this action is subject to a claim
13 of privilege or identified as trial preparation material, the Party who produced the material (the
14 "Producing Party") may notify any party receiving the material (the "Receiving Party") about the
15 inadvertent production and may assert that the material should have been withheld on the grounds of a
16 privilege, including the attorney work product doctrine (collectively referred to as "Inadvertently
17 Produced Privileged Material"). The Receiving Party upon receiving notice must immediately return the
18 Inadvertently Produced Privileged Material to the Producing Party, including any copies, must not use
19 or disclose the information, and must take reasonable steps to retrieve the information if the Receiving
20 Party disclosed it before being notified. In connection with any motion presented to the Court regarding
21 a determination of privilege, the Receiving Party may not assert that the fact of production alone
22 constitutes a waiver of an applicable privilege. However, nothing in this Paragraph shall preclude a
23 Party from asserting that the production of the allegedly Inadvertently Produced Privileged Material was
24 not inadvertent or that the conduct or circumstances constitute a waiver, or from arguing that the
25 Inadvertently Produced Privileged Material is not privileged. Nothing in this paragraph shall relieve the
26 Producing Party of any burden otherwise imposed under Rule 502 of the Federal Rules of Evidence.
27 11.    All provisions of this stipulation restricting the communication or use of Confidential Informa-
28 tion shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

Upon conclusion of the litigation, a Party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the Party who provided such information, or (b) destroy such documents within the time period upon consent of the Party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. This stipulation shall become effective and binding upon the Parties as of the date of its execution.

14. Any Party who has received Confidential Information subject to this Order who receives a request or subpoena for production or disclosure of such Information shall as soon as reasonably practicable give written notice to the Producing Party's outside counsel identifying the Confidential Information sought and providing a copy of the request or subpoena. The Party subject to the request or subpoena shall not produce or disclose the requested Confidential Information prior to the date of production called for in the request or subpoena.

15. This Order shall apply to non-parties who provide Confidential Information to any Party in the action, if such non-party requests protection of this Order as to the non-party's Confidential Information and complies with the provisions of this Order.

16. Nothing in this Order shall prohibit any Party from seeking modification of this Order, either by stipulation among the Parties or by application to the Court.

17. Persons receiving Confidential Information governed by this Order shall take all reasonable technical and organizational measures to prevent unauthorized access to, disclosure, use, or other processing of, Confidential Information.

18. Nothing in this Order shall restrict the use by a Party of its own Confidential Information.

19. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection not based on the confidentiality of the information sought.

20. Neither this Order nor the disclosure of Confidential Information shall be deemed a concession or determination of the relevance, materiality, or admissibility of materials governed by or disclosed under this Order.

21. This Order shall survive the termination of the Action and shall continue in full force and effect until otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Order.

IT IS SO ORDERED.

DATED: August 12, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

CERTIFICATION

By signing this document, I hereby certify that I have read the Confidentiality Stipulation in GEORGE SCHULTZ v. QUALXSERV, LLC, U.S.D.C., S.D. Cal., Case No. 09-CV-017 LAB AJB, and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Stipulation by me or anyone acting under my direction may subject me penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Dated: _____

_____

1
2
3    [Sign name]
4
5    _____
6
7    [Print name]
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28