1  A. Nicholas Georggin, Esq. (SBN 170925)
   Joo Hee Kershner, Esq. (SBN 210015)
2  **KRUTCIK & GEORGGIN**
   26201 Acero
3  Mission Viejo, CA 92691
   (949) 367-8590;    (949) 367-8597 FAX
4  ngeorggin@kglawoffices.com; jkershner@kglawoffices.com

5  Attorneys for Representative Plaintiff PABLO CARDONA, and Class Members

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  GEORGE SCHULTZ, an individual; on  )  CASE NO. 09 CV 0017 LAB (AJB)
    behalf of himself, and on behalf of all )
12  persons similarly situated,            )  [Consolidated with 09 CV 2081]
                                           )
13                        Plaintiff,       )  Judge: Hon. Larry A. Burns
                                           )  Magistrate: Hon. Anthony J. Battaglia
14  vs.                                    )
                                           )  **FIRST AMENDED COMPLAINT FOR UNPAID**
15  QUALXSERV, LLC, a Delaware Company, )  **OVERTIME WAGES, LIQUIDATED**
                                           )  **DAMAGES, STATUTORY AND CIVIL**
16                        Defendant.       )  **PENALTIES, UNLAWFULLY WITHHELD**
                                           )  **WAGES, UNPAID REIMBURSEMENTS,**
17  ─────────────────────────────         )  **ATTORNEYS' FEES AND COSTS**
    PABLO CARDONA, individually; and on )
18  behalf of all others similarly situated and on )  **[29 U.S.C. §§ 206, 207, 211(c), 216(b); California**
    behalf of the general public,          )  **Labor Code §§ 226(a), 2699, 226.7, 510, 512, 516,**
19                                         )  **1194, 1194.2, 1197, 2802, 2804; and California**
                                           )  **Business & Professions Code §§ 17200-17208]**
20                        Plaintiffs,      )
                                           )  **DEMAND FOR JURY TRIAL**
21  vs.                                    )
                                           )  **COLLECTIVE CLASS AND**
22  QUALXSERV, LLC.; and DOES 1            )  **REPRESENTATIVE ACTION**
    through 100, inclusive,                )  **[29 U.S.C. § 216(b); FRCP 23; California Business**
23                                         )  **& Professions Code § 17200; California Labor**
                          Defendants.      )  **Code §§ 2699]**
24  ─────────────────────────────         )

25  / / /

26  / / /

27  / / /

28  / / /

# I. <u>JURISDICTION</u>

1.　　This Court has jurisdiction over Plaintiff's federal law claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because such claims are so related to the federal claims that they form part of the same case or controversy between Plaintiff and Defendant.

# II. <u>INTRODUCTION</u>

2.　　This action is brought as a hybrid collective and representative class action to recover for unpaid wages, unpaid overtime compensation, unpaid and unlawfully withheld wages, unpaid reimbursement of work-required expenses, meal break violations, rest break violations, liquidated damages, restitution, as well as other statutory and civil penalties and damages owed to Plaintiff and all other Service Technicians employed by, or formerly employed by, QualxServ, LLC and Does 1 through 100, as well as their subsidiaries, predecessors and affiliated companies (collectively "Defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), FRCP 23, Cal. Labor Code §§ 201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2699 and 2802, I.W.C. Wage Order Nos. 4-2000 and 4-2001, and Cal. Business & Professions Code §§ 17200-17208 ("UCL").

3.　　During the four years preceding the filing of this Complaint, to the present (the "Liability Period"), Defendants had, and continue to have, a policy and practice of paying Service Technicians a per incident rate of between $30 and $ 38 per call.  However, prior to being sent on the field, all Service Technicians had to complete online certification testing.  Once they passed, they would be allowed to go out on the field for service calls.  Each call entailed numerous, time-consuming steps, including: logging onto to the internet portal to download assignments, setting up appointments with the clients, picking up the parts for the clients, making the service call, returning parts, paperwork, and logging back onto the internet portal to close assignments.  Moreover, Service Technicians were required to use their own cars, their own cell phones, laptops with internet capabilities on the field, cleaning supplies and tools, as well as printing materials.  Both the steps to be taken for service calls and the list of necessary supplies are meticulously documented in

1  QualxServ's own employee manual. This per incident payment was supposed to compensate the

2  employee for hours worked on the assignment, travel time, parking and gas. No additional

3  reimbursements were provided for other out-of-pocket expenses, which included, but was not limited

4  to: wear and tear on the automobile, additional accident insurance premiums, cell phones, laptops,

5  internet access, cleaning supplies, tools, paper, printer and printing materials. However, in order to

6  perform their duties, Service Technicians needed and were required to have, all these items. This

7  lump-sum method, designed to reimburse employees work-required expenses was insufficient to

8  provide full reimbursement for actual expenses necessarily incurred under section 2802 of the

9  California Labor Code.

10        QualxServ unlawfully passed operating expenses onto their employees through this lump-sum

11  method. Moreover, the employees were often required to take a longer amount of time to complete

12  an assignment than the Defendants allocated, thus making the lump-sum rate insufficient to provide

13  full reimbursement for the time and/or the expenses that the employee necessarily incurred. Service

14  Technicians did not and do not qualify as exempt employees under the overtime provisions of the Fair

15  Labor Standards Act (FLSA) because they work in an industry that does not qualify as having the

16  "retail" service concept (computer service technician), are not primarily compensated on a salary

17  basis, and do not exercise, as part of their primary duties, discretion and independent judgment, nor

18  do they perform work directly related to the general business operations of QualxServ or its

19  customers. Additionally, they do no fall under the highly-skilled computer-related occupation

20  exemption because Service Technicians are engaged in the repair and/or maintenance of computer

21  hardware and related equipment.

22        4.        During the Liability Period, including when Service Technicians were paid on a "per

23  incident rate." Defendants also had, and continue to have, a willful policy and practice of requiring

24  Service Technicians, including Plaintiff, to work substantially in excess of forty (40) hours per week

25  without paying them proper overtime compensation as required by the FLSA, 29 U.S.C. § 207 and

26  Cal. Labor Code §§ 510 and 1194. In addition to violating the foregoing provisions of the FLSA and

27  the California Labor Code, this constitutes an unlawful and unfair business practice under Cal.

28  Business & Professions Code §§ 17200-17208.

5.     During the Liability Period, including when Service Technicians were paid on a "per incident rate" Defendants also had, and continue to have, a policy and practice of requiring their Service Technician employees, including Plaintiff, to work hours substantially in excess of eight (8) hours per day without paying them proper overtime compensation as required by Cal. Labor Code § 510. Moreover, Service Technicians were often required to take a longer amount of time to complete an assignment than the Defendant allocated, thus the lump-sum rate was insufficient to provide proper payment and reimbursement for the time and/or the expenses that the employee necessarily incurred. Service Technicians did not, and do not, qualify for the "highly-skilled computer-related occupation exemption" because Service Technicians are engaged in the repair and/or maintenance of computer hardware and related equipment. Service Technicians are thus entitled to overtime compensation. In addition to violating Cal. Labor Code § 510, this constitutes an unlawful and unfair business practice under Cal. Business & Professions Code §§ 17200-17208.

6.     During the Liability Period, Defendants also had, and continue to have, a policy and practice of denying their Service Technician employees, including Plaintiff, meal break periods as required by Cal. Labor Code §§ 226.7 and 512, and I.W.C. Wage Order Nos. 4-2000 and 4-2001. Plaintiff and all other Service Technician employees are accordingly entitled to an additional hour of pay at their regular rate for each day they were not afforded a lawful meal period. This also constitutes an unlawful and unfair business practice under Cal. Business & Professions Code §§ 17200-17208.

7.     During the Liability Period, Defendants also had, and continue to have, a policy and practice of not timely paying overtime compensation and other wages to their Service Technician employees, including Plaintiff, within 72 hours of the conclusion of their employment with Defendants, thereby entitling these employees to statutory penalties under Cal. Labor Code §§ 201-203.

8.     During the Liability Period, Defendants also had, and continue to have, a policy and practice of knowingly and intentionally failing to furnish to Service Technicians to their injury, including Plaintiff, at the time of each payment of wages, an itemized statement in writing showing all of the information required by Cal. Labor Code § 226(a), including, but not limited to, the

1  following:  (1) the total hours actually worked by the Service Technician; (2) some method or

2  formula to identify the amount of the combined employee compensation payment that is intended to

3  provide expense reimbursement; and (3) all true regular and overtime rates in effect during the pay

4  period and the corresponding correct number of hours worked at rate by the Service Technician.

5  Plaintiff and all other Service Technician employees are accordingly entitled to recover the greater of

6  all actual damages or the statutory penalties as set forth in Cal. Labor Code § 226(e).  In addition to

7  violating Cal. Labor Code § 226(a), this constitutes an unlawful and unfair business practice under

8  Cal. Business & Professions Code §§ 17200-17208.

9       9.     Defendants did not pay Service Technicians, including Plaintiff, such overtime

10  compensation, wages for missed meal and rest break periods, and did not provide Service

11  Technicians, including Plaintiff, with such itemized statements because Defendants misclassified or

12  improperly treated them as "exempt" employees under applicable wage and hour laws and/or because

13  Defendants willfully elected to ignore and violate applicable wage and hour laws.  Defendants created

14  a policy and practice of intentional deception, in an attempt to avoid having to compensate Service

15  Technicians for overtime, by adopting a practice or policy of paying a per incident rate of pay that had

16  the illusion of being an enhanced compensation payment but in reality was illegal compensation that

17  failed to pay for all time worked, and failed to discharge its reimbursement obligations.  This sham

18  "enhanced compensation payment" had the effect of denying Service Technicians proper pay,

19  overtime pay, and expense reimbursement for employee expenses that were necessarily incurred to

20  discharge their duties.  This was a willful violation of federal and state law.  Accordingly, Plaintiff

21  seeks to recover unpaid overtime compensation, including the interest thereon, restitution, statutory

22  and civil penalties, reasonable attorneys' fees, and litigation costs on behalf of themselves and all

23  similarly situated current and former Service Technicians who worked for Defendants ("Class

24  members") pursuant to the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 216(b), Cal. Labor Code §§

25  201-203, 226, 226.7, 510, 512 and 1194, I.W.C. Wage Order Nos. 4-2000 and 4-2001, and Cal.

26  Business & Professions Code §§ 17200-17208.  Plaintiff and all similarly situated current and former

27  Service Technicians who "opt-in" pursuant to the FLSA, 29 U.S.C. § 216(b), also seek liquidated

28  damages or, in the alternative, pre-judgment interest.  Furthermore, Plaintiff, on behalf of himself, the

general public, and the Class members, also seek injunctive relief and restitution, as well as class-wide restitution of all unpaid and unlawfully withheld overtime compensation, and all other related wages and penalties, as well as restitution of all out-of-pocket business-related expenditures, pursuant to Cal. Business & Professions Code §§ 17200-17208.

10. Plaintiff requests that the Court order notice to all similarly situated current and former Service Technicians who worked for Defendants informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation, unpaid wages, expense reimbursement, penalties, and liquidated damages as alleged herein.  Plaintiff will also seek certification pursuant to FRCP 23 of the Service Technician class with Court-approved notice.

### III. VENUE

11. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all of the events, acts, or omissions giving rise to the claims occurred in Orange County within this District. Plaintiff and many other similarly situated Service Technicians were employed by Defendants in Orange County.

### IV. PARTIES

**A. Plaintiff**

12. Representative Plaintiff, Pablo Cardona, brings claims on behalf of himself, the general public, and in a representative capacity on behalf of all similarly situated Service Technicians.

(a) Plaintiff Pablo Cardona is a resident of Los Angeles County, California.

(b) Plaintiff Pablo Cardona worked as a Service Technician for Defendants in offices located in Orange County, California from in or about October of 2007 through in or about April of 2008.

(c) From in or about October of 2007 until his departure in or about April of 2008, Plaintiff Cardona, like other similarly situated Service Technicians, was paid at a per incident rate of $38 per call. This position did not provide any additional reimbursements, despite the fact that

1    Plaintiff Cardona was required to provide his own car, cell phone and/or pager, laptop and other

2    tools/supplies in order to complete the daily tasks of the position.

3              (d)    During the Liability Period, including when he was paid on a per incident

4    basis, Plaintiff Cardona regularly worked in excess of eight (8) hours per day and forty (40) hours per

5    week, but was not paid overtime compensation for hours worked in excess of eight (8) hours per day

6    and forty (40) hours per week in violation of both federal and California law.

7              (e)    During the Liability Period, Plaintiff Cardona was not afforded meal breaks in

8    accordance with Cal. Labor Code § 512.  Plaintiff Cardona regularly worked in excess of five (5)

9    hours per day and was not afforded a half-hour meal period in which he was relieved of all duties.  He

10   regularly worked in excess of ten (10) hours a day and was not afforded a second half-hour meal

11   period in which he was relieved of all duties.  Defendants also did not timely pay overtime

12   compensation, and other related unpaid wages and penalties due to Plaintiff Cardona at the

13   conclusion of his employment in violation of Cal. Labor Code §§ 201-203.

14             (f)    During the Liability Period, Defendants failed to provide Plaintiff Cardona

15   uninterrupted rest periods of not less than ten (10) minutes as required in violation of California law,

16   including but not limited to, California Labor Code sections 226.7 and 516 and IWC Wage Order 4-

17   2001, and failed to pay Plaintiff for those rest periods not provided, plus statutory wages and related

18   sums.  Defendants also did not timely pay overtime compensation, and other related unpaid wages

19   and penalties due to Plaintiff Cardona at the conclusion of his employment in violation of Cal. Labor

20   Code §§ 201-203.

21             (g)    During the Liability Period, Defendants did not furnish to Plaintiff

22   Cardona at the time of each payment of wages an itemized statement in writing showing all of the

23   information required by Cal. Labor Code § 226(a), including, but not limited to, (1) the total hours

24   worked by Plaintiff Cardona, (2) the number of "piece-rate" or non-discretionary bonus units earned

25   and the applicable rate, i.e., the number of funded loans for which Plaintiff Cardona was paid on a

26   "unit" bonus basis, and (3) accurate rates in effect during the pay period and the corresponding

27   number of hours worked at each rate by Plaintiff Cardona, (4) the method or formula identifying the

28   / / /

1 amount of the employee compensation that is intended to provide expense reimbursement, all in
2 violation of Cal. Labor Code § 226(a).

3 **B.      Defendants**

4      13.      QualxServ, LLC, specializes in providing technology deployment and field delivered
5 support services for leading technology providers.  Defendant QualxServ, LLC, operates as a
6 privately held entity and employs approximately 2000 people throughout the United States in most
7 major metropolitan areas, with nearly 150 service locations throughout the nation.  QualxServ, LLC is
8 headquartered in Tewksbury, Massachusetts, but has been doing business in the State of California
9 during the Liability Period, and is subject to the requirements of the FLSA, California's labor laws,
10 and the UCL.  Defendants are jointly and severally liable for their own, and their predecessors',
11 affiliates', corporate parents', joint venturers', and subsidiaries' violations of the FLSA, California's
12 labor laws, and the UCL.  Defendants are in the business of providing technological support and
13 servicing, mostly for Dell and IBM laptops, to the public nationwide, and Defendants employed
14 Plaintiff and the Service Technician class members during the Liability Period.

15      14.      Defendants' founders and executive officers directed, authorized, ratified, and/or
16 participated in the conduct that gives rise to the claims asserted herein, and derived personal financial
17 benefit from such conduct.

18      15.      Plaintiff is ignorant of the true names or capacities of the Defendants sued herein
19 under the fictitious named DOES 1 through 100, inclusive.

20      16.      Each Defendant acted in all respects pertinent to this action as the agent of the other
21 Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and
22 the acts of each Defendant are therefore legally attributable to the other Defendants.

23          **V.  FACTUAL BACKGROUND FOR ALL CLAIMS**

24      17.      During the Liability Period, Defendants have operated as privately held company that
25 employs approximately 2000 people nationwide, with nearly 150 service locations, including one in
26 Orange County, California.  QualxServ, LLC sends out field technicians or Service Technicians to
27 service  mostly Dell laptops, with service locations throughout the United States.  Defendants employ
28 and have employed numerous Service Technicians, including Plaintiff, to service computers at both

1  commercial and residential locations.  Each class member worked for and was employed by

2  Defendants as a full-time, part-time and/or temporary Service Technician or QualxServ Service

3  Partner.  Plaintiff is informed and believes and on that basis alleges that, during the Liability Period,

4  Defendants have employed hundreds of persons as Service Technicians throughout the state of

5  California.

6  **A.    Duties of Service Technicians**

7           18.    Service Technicians take service calls for QualxServ Client Services Organizations,

8  both in commercial and residential locations.  Their duties consist of purely repair and maintenance

9  work.  Service Technicians do not perform highly-skilled computer related work, nor do they perform

10  any significant discretionary decision making, nor the exercise of independent judgment, nor the

11  supervision of other employees.

12          19.    The  primary duty and essential function of Service Technicians is to service

13  computers.

14          20.    The job duties of the Service Technician class members include responding to calls,

15  contacting customers, picking up parts, then driving to location, making repair and updating all

16  service calls assigned each morning and evening when closing calls.  Both the process and times

17  frames for taking calls, that "all techs working for QualxServ are required to follow are set forth in

18  the employee guidebook which was "designed for all QualxServ Technicians to provide easy access

19  to processes and procedures that are used in daily activities."

20          21.    At a minimum, the Service Technician class members, including Plaintiff, worked in

21  excess of 40 hours per week at performing work for QualxServ. However, may of these hours were

22  worked, prior to actually going on a service call. Service Technicians spent countless hours on the

23  QualxServ internet porthole downloading, updating, and closing assignments, and many hours calling

24  clients to set up appointments, picking up and dropping off parts, and filling out paperwork

25  accompanying the assignments–all of which were not figured into the per incident rate.

26          22.    In order to perform their duties, Service Technicians needed and were required to

27  provide their own automobiles with additional accident insurance, cell phones, laptops, internet

28  access, cleaning supplies, tools, paper, printer and printing materials.  QualxServ paid their Service

1    Technicians a per incident payment which was supposed to compensate the employee for hours

2    worked on the assignment, travel time, parking and gas.  No additional reimbursements were

3    provided for other out-of-pocket expenses, which included, but was not limited to wear and tear on

4    the automobile, additional accident insurance premiums, and other work-related expenses actually

5    incurred by Service Technicians as listed above.   This lump-sum method was insufficient to provide

6    full reimbursement for actual expenses necessarily incurred under section 2802 of the California

7    Labor Code and allowed QualxServ to unlawfully pass operating expenses onto their employees.

8         23.    Because of their duties, pay provisions and the nature of this position, the Service

9    Technician class members, including Plaintiff, do not fall within any of the exemptions to the

10   minimum wage and overtime pay requirements of the FLSA, 29 U.S.C. §§ 206, 207, or the California

11   Labor Code provisions regarding payment of minimum wage, overtime, meal breaks, and waiting

12   time penalties.

13   **B.    Failure to Pay Overtime Compensation to Service Technicians**

14        24.    As noted above, in conformance with the policy and practice of Defendants, the

15   Service Technician class members, including Plaintiff, are generally required to work in excess of

16   eight (8) hours a day, Monday through Friday.   Plaintiff and the class members regularly work in

17   excess of forty (40) hours per week.

18        25.    Accordingly, and including when Service Technicians were paid on a per incident

19   basis, Defendants had, and continue to have, a willful policy and practice of requiring their Service

20   Technician employees, including Plaintiff, to work substantially in excess of forty (40) hours per

21   week without paying them proper overtime compensation as required by the FLSA, 29 U.S.C. § 207.

22   Defendants also had, and continue to have, a policy and practice of requiring their Service Technician

23   employees, including Plaintiff, to work hours substantially in excess of eight (8) hours per day and

24   forty (40) hours per week without paying them proper overtime compensation as required by Cal.

25   Labor Code § 510.  When paid on a per incident basis, Plaintiff and the Service Technician class

26   members do not, and did not, receive any additional compensation for hours worked in excess of

27   eight (8) hours per day and forty (40) hours per week.  In addition to violating the FLSA, 29 U.S.C. §

28   207, and Cal. Labor Code § 510, this practice also constitutes a separate and independent violation of

1  Cal. Business & Professions Code § 17200 since it constitutes an unlawful and unfair business

2  practice.

3  **C.      Denial of Meal Periods to Service Technicians**

4          26.     During the Liability Period, Defendants had, and continue to have, a policy and

5  practice of requiring the Service Technician class members, including Plaintiff, to work in excess of

6  five (5) hours per day without affording them a proper meal period of at least a half hour during

7  which they were relieved of all duties.  Service Technicians were also regularly required by

8  Defendants to work in excess of ten (10) hours per day without being afforded an additional, second

9  meal period of at least a half hour during which they were relieved of all duties.  This policy and

10 practice does not comply with Cal. Labor Code §§ 226.7 and 512, and I.W.C. Wage Order Nos.

11 4-2000 and 4-2001, and also constitutes a separate and independent violation of Cal. Business &

12 Professions Code § 17200 since it constitutes an unlawful and unfair business practice.

13 **D.      Denial of Rest Breaks to Service Technicians**

14         27.     During the Liability Period, Defendants had and continue to have a policy

15 and practice of failing to provide Plaintiff Cardona uninterrupted rest periods of not less than ten (10)

16 minutes.  This policy and practice does not comply with California Labor Code sections 226.7 and

17 516 and IWC Wage Order 4-2001, and also constitutes a separate and independent violation of Cal.

18 Business & Professions Code § 17200 since it constitutes an unlawful and unfair business practice.

19 **E.      Failure to Timely Pay Wages and Overtime Compensation**

20         28.     During the Liability Period, Defendants had, and continue to have, a policy and

21 practice of not timely paying overtime compensation and other related wages and penalties due and

22 owing to the Service Technician Class members, including Plaintiff, immediately or within 72 hours

23 of the conclusion of their employment with Defendants.  This policy and practice does not comply

24 with Cal. Labor Code §§ 201-203 and imposes upon the employer a penalty and a concomitant wage

25 payment to each such effected employee under Cal. Labor Code § 203.

26 **F.      Failure to Furnish to Service Technicians Itemized Wage Statements**

27         29.     During the Liability Period, Defendants had, and continue to have, a policy and

28 practice of knowingly and intentionally failing to furnish to Service Technician Class members to

1  their injury, including Plaintiff to their injury, at the time of each payment of wages, an itemized

2  statement in writing showing all of the information required by Cal. Labor Code § 226(a), including,

3  but not limited to, the following:  (1) the total hours actually worked by Service Technicians; (2) the

4  method or formula that identifies the amount of the combined employee compensation payment that

5  is intended to provide expense reimbursement, (3) all true regular and overtime rates in effect during

6  the pay period and the corresponding correct number of hours worked at each rate by Service

7  Technicians.  In addition to violating Cal. Labor Code § 226(a), this constitutes an unlawful and

8  unfair business practice under Cal. Business & Professions Code §§ 17200-17208.

9  **VI.    CLASS ACTION ALLEGATIONS**

10  30.    Plaintiff brings this action as a class action pursuant to FRCP 23(a) and 23(b)(3) on

11  behalf of themselves and the following class or classes of employees and former employees of

12  Defendants who, within the Liability Period, have worked as Service Technicians:

13  (a)    All Service Technicians who were required or permitted to work in excess of

14  forty (40) hours per week without being paid overtime compensation in violation of the FLSA, 29

15  U.S.C. § 207, and Cal. Business & Professions Code § 17200;

16  (b)    All Service Technicians who were required or permitted to work in excess of

17  eight (8) hours per day or forty (40) hours per week without being paid overtime compensation in

18  violation of Cal. Labor Code § 510 and Cal. Business & Professions Code § 17200;

19  (c)    All Service Technicians who were required or permitted to forego meal breaks

20  in violation of Cal. Labor Code § 512 and Cal. Business & Professions Code § 17200;

21  (d)    All Service Technicians who were required or permitted to forego

22  rest breaks in violation of Cal. Labor Code § 226.7 and 516 and IWC Wage Order 4-2001, and Cal.

23  Business & Professions Code § 17200;

24  (e)    All Service Technicians who have not been timely paid all wages at the time of

25  termination of employment in violation of Cal. Labor Code §§ 201-203; and

26  (f)    All Service Technicians who were required to purchase and/or use their own

27  automobiles, cell phones, laptops, internet provider, tools, supplies, and other expenses to necessarily

28  / / /

discharge their employment duties, but were not sufficiently reimbursed through their per incident rate; and

(g)     All Service Technicians who were not furnished with proper itemized wage statements in violation of Cal. Labor Code § 226(a) and Cal. Business & Professions Code § 17200.

31.     Numerosity.  The potential members of the class or classes as defined are so numerous that joinder of all members of the class is impracticable.  There are several hundred Service Technicians currently or previously employed by the Defendants within the Liability Period.

32.     Commonality.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class including, but not limited to, the following:

(a)     Whether Defendants violated the FLSA, 29 U.S.C. § 207, and Cal. Business & Professions Code §§ 17200-17208 by failing to pay proper overtime compensation to Service Technicians for hours worked in excess of  forty (40) hours per week as alleged herein;

(b)     Whether Defendants violated Cal. Labor Code § 510, I.W.C. Wage Order Nos. 4-2000 and 4-2001, and Cal. Business & Professions Code §§ 17200-17208 by failing to pay proper overtime compensation to Service Technicians for hours worked in excess of eight (8) hours per day or forty (40) hours per week as alleged herein;

(c)     Whether Defendants denied Service Technicians meal breaks in violation of Cal. Labor Code §§ 226.7 and 512, I.W.C. Wage Order Nos. 4-2000 and 4-2001, and Cal. Business & Professions Code §§ 17200-17208 as alleged herein;

(d)     Whether Defendants denied Service Technicians rest breaks in violation of Cal. Labor Code §§ 226.7 and 516, I.W.C. Wage Order Nos. 4-2000 and 4-2001, and Cal. Business & Professions Code §§ 17200-17208 as alleged herein;

(e)     Whether Defendants violated Cal. Labor Code §§ 201-203 by failing to timely pay Service Technicians all overtime compensation and any other wages due at the time of termination of employment as alleged herein; and

(f)     Whether Defendants fulfilled its reimbursement obligation under Cal. Labor Code § 2802, by paying an enhanced per incident rate to its Service Technicians.  And whether

1  Defendants established a method to apportion the enhanced compensation payments between

2  compensation for labor performed and expense reimbursement;

3            (g)      Whether Defendants violated Cal. Labor Code § 226(a) and Cal. Business &

4  Professions Code § 17200 by failing to furnish to Service Technicians proper itemized wage

5  statements as alleged herein.

6        33.    Typicality.  The claims of the Representative Plaintiff are typical of the claims of the

7  Class members.  The Representative Plaintiff was subject to the same violations of applicable rights

8  under the FLSA and under California law and seeks the same type of damages, restitution, and other

9  relief on the same theories and legal grounds as those of the Class members they seek to represent.

10        34.    Adequacy of Representation.  The Representative Plaintiff will fairly and adequately

11  represent and protect the interests of the Class members.  Plaintiff's counsel are competent and

12  experienced in litigating employment class actions, consumer class actions, and other complex

13  litigation matters, including wage and hour cases for unpaid minimum wages, overtime

14  compensation, meal period and rest break violations, and waiting time violations similar to the

15  present claims.

16        35.    Superiority.  This class action is superior to other available means for the fair and

17  efficient adjudication of the claims of the Class members.  It would be virtually impossible for the

18  Class members to individually obtain redress for the wrongs done to them.  Even if the individual

19  Class members could afford such individual litigation, the court system could not.  Individualized

20  litigation presents a potential for inconsistent or contrary judgments.  By contrast, the class action

21  device presents far fewer management difficulties, and provides the benefits of single adjudication,

22  economy of scale, and comprehensive supervision by a single court.

23        36.    Class certification is appropriate under FRCP 23(b)(2) and (b)(3) because questions of

24  law and fact common to the Class members predominate over any questions affecting only individual

25  Class members.  Each Class Member has been damaged and is entitled to recovery by reason of

26  Defendants' unlawful and unfair policies and practices as alleged herein.

27  / / /

28  / / /

# VII.   COLLECTIVE ACTION ALLEGATIONS

37.     This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages or, alternatively, pre-judgment interest, and attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former Service Technicians are similarly situated with regard to their job duties and pay provisions.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.  These similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records.

# VIII.   FIRST CLAIM FOR DENIAL OF OVERTIME COMPENSATION

[FLSA, 29 U.S.C. §§ 207, 211(c), 216 (b)]

38.     Plaintiff hereby incorporates by reference all prior allegations as though fully set forth here.

39.     Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate Plaintiff and all similarly situated Service Technicians for all hours worked in excess of forty (40) hours in a workweek.  Plaintiff and all similarly situated Service Technicians are not subject to any applicable exemptions from the requirement to pay overtime under federal law.  During the Liability Period, Plaintiff and all similarly situated Service Technicians were regularly required to work in excess of forty (40) hours per week, but were not paid for such overtime work.  By failing to pay overtime compensation due to Plaintiff and all similarly situated Service Technicians, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA which require overtime compensation to nonexempt employees.

40.     As a result of Defendants' policy and practice of withholding overtime compensation, the Plaintiff and all similarly situated Service Technicians have been damaged in that they have not received wages due to them pursuant to the FLSA.

41.     Defendants have made it difficult to account for the unpaid overtime wages earned by the Service Technicians during the applicable Liability Period, because they did not make, keep, and preserve the correct hours worked by such employees as required for nonexempt employees by 29

U.S.C. § 211(c). Defendants' failure to retain correct records of hours worked by Service Technicians was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to Service Technicians.

42.     As a result of the unlawful acts of the Defendants, the Plaintiff and all similarly situated Service Technicians have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages or, alternatively, pre-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## IX.   SECOND CLAIM FOR DENIAL OF OVERTIME COMPENSATION

[Cal. Labor Code §§ 510, 1194; I.W.C. Wage Order Nos. 4-2000, 4-2001]

43.     Plaintiff hereby incorporates by this reference all prior allegations as though fully set forth hereinafter.

44.     Under Cal. Labor Code §§ 510 and 1194 and I.W.C. Wage Order Nos. 4-2000 and 4-2001, Defendants were and are obligated to compensate the Plaintiff and Service Technician Class members for all hours worked in excess of forty (40) hours per workweek. In addition, under applicable California law as referenced, Defendants were and are obligated to compensate Plaintiff and the Service Technician Class members for all hours worked in excess of eight (8) hours per workday.

45.     During the Liability Period, Plaintiff and the Service Technician Class members were regularly required to work in excess of forty (40) hours per week and/or eight (8) hours per day, but were not paid for such overtime work as required by California law. Service Technicians do not qualify for the highly-skilled computer-related occupation exemption or any other exemption under California law and are entitled to overtime compensation. Plaintiff and the Service Technician Class members do not, and did not, receive overtime compensation for hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of Cal. Labor Code § 510.

46.     By failing to pay overtime compensation due and owing to Plaintiff and the Service Technician Class members, Defendants willfully, knowingly, and/or recklessly violated California

/ / /

wage and hour laws which require overtime compensation to nonexempt employees such as Service Technicians.

47.     As a result of Defendants' policy and practice of withholding overtime compensation as alleged herein, the Plaintiff and Service Technician Class members have been damaged in that they have not received wages due and owing to them pursuant to California wage and hour laws.

48.     Defendants have made it difficult to account for the unpaid overtime work performed by their Service Technician employees during the applicable Liability Period because they did not make, keep and preserve, through records, the correct hours worked by such employees as required for nonexempt employees by Cal. Labor Code § 1174(d) and I.W.C. Wage Order Nos. 4-2000 and 4-2001.  Defendants' failure to retain correct records of the hours worked by Plaintiff and the Service Technician Class members was willful and deliberate and designed to serve Defendants' policy of unlawfully denying overtime to persons employed as Service Technicians.

49.     As a result of the foregoing unlawful acts of Defendants, the Plaintiff and Service Technician Class members have been deprived and continue to be deprived of overtime compensation in amounts to be determined at the time of trial, and are entitled to recovery of such amounts together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation.

50.     The Plaintiff requests relief as described below on behalf of himself, all similarly situated Service Technicians, and on behalf of the general public.

## X.   **THIRD CLAIM FOR FAILURE TO PAY WAGES FOR COMPENSABLE MEAL BREAK PERIODS**

[Cal. Labor Code §§ 226.7, 512; I.W.C. Wage order Nos. 4-2000, 4-2001]

51.     Plaintiff hereby incorporates by this reference all prior allegations as though fully set forth hereinafter.

52.     During the applicable Liability Period, Plaintiff and the Service Technician Class members regularly worked in excess of five (5) hours per day without being afforded a proper meal break of at least 30-minutes in duration in which they were relieved of all duties, and often worked in excess of ten (10) hours per day without being afforded another such meal break, as required by Cal. Labor Code §§ 226.7 and 512, as well as I.W.C. Wage order Nos. 4-2000 and 4-2001.

53.     As a result of Defendants' failure to afford proper meal break periods, Defendants are liable to Plaintiff and the Service Technician Class members for one hour of additional pay at their regular rate of compensation for each workday that proper meal break periods were not provided, pursuant to Cal. Labor Code §§ 226.7 and 512, as well as I.W.C. Wage order Nos. 4-000 and 4-2001. The Plaintiff requests relief as described below on behalf of himself, all similarly situated Service Technicians, and on behalf of the general public.

## XI. FOURTH CLAIM FOR FAILURE TO PAY WAGES FOR COMPENSABLE REST BREAK PERIODS

[Cal. Labor Code §§ 226.7, 516; I.W.C. Wage order Nos. 4-2000, 4-2001]

54.     Plaintiff hereby incorporates by this reference all prior allegations as though fully set forth hereinafter.

55.     During the applicable Liability Period, Plaintiff and the Service Technician Class members were not provided uninterrupted rest periods of not less than ten (10) minutes, as required by Cal. Labor Code §§ 226.7 and 516, as well as I.W.C. Wage order Nos. 4-2000 and 4-2001.

56.     As a result of Defendants' failure to afford proper rest break periods, Defendants are liable to Plaintiff and the Service Technician Class members for one hour of additional pay at their regular rate of compensation for each workday that proper meal break periods were not provided, pursuant to Cal. Labor Code §§ 226.7 and 516, as well as I.W.C. Wage order Nos. 4-000 and 4-2001. The Plaintiff requests relief as described below on behalf of himself, all similarly situated Service Technicians, and on behalf of the general public.

## XII. FIFTH CLAIM FOR FAILURE TO PAY COMPENSATION AT THE TIME OF TERMINATION

[Cal. Labor Code §§ 201-203]

57.     Plaintiff hereby incorporates by this reference all prior allegations as though fully set forth hereinafter.

58.     California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to all former Service Technicians, including Plaintiff, at the time employment is terminated.  California Labor Code § 203 provides that if an employer willfully fails to pay

1   compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the

2   employer is liable for statutory penalties in the form of continued compensation for up to thirty (30)

3   workdays.

4         59.     During the Liability Period, Defendants willfully failed to pay Plaintiff and the Service

5   Technician Class members all wages due upon termination of employment as required under Cal.

6   Labor Code §§ 201-203.  As a result, Defendants are liable to Plaintiff and the Service Technician

7   Class members for the statutory penalties as set forth pursuant to Cal. Labor Code § 203.  The

8   Plaintiff requests relief as described below on behalf of himself, all similarly situated Service

9   Technicians, and on behalf of the general public.

10   ## XIII. SIXTH CLAIM FOR FAILURE TO FULLY OR SUFFICIENTLY REIMBURSE

11   ## EMPLOYEES FOR MANDATORY EXPENSES

12   [Cal. Labor Code §§ 2802, 2804]

13         60.     Plaintiff hereby incorporates by this reference all prior allegations as though fully set

14   forth hereinafter.

15         61.     California Labor Code § 2802 requires an employer to indemnify his or her employee

16   for all necessary expenditures or losses incurred by the employee in direct consequence of the

17   discharge of his or her duties, or of his or her obedience to the directions of the employer.  California

18   Labor Code § 2804 expressly prohibits waiver of section 2802, making any contract or agreement,

19   express or implied, made by any employee to waive its benefits, null and void.

20         62.     During the Liability Period, Defendants had and continue to have, a policy and

21   practice of paying its Service Technicians an per incident rate to pay for their labor and reimburse

22   some work-required expenses, including parking and some gas.  However, Defendants did not

23   reimburse employees for other work-required expenses including, but not limited to wear and tear on

24   their automobiles, additional insurance premiums, cell phone use, laptops, internet use, tools and

25   supplies, even though these items were not only actual expenses necessarily incurred to perform their

26   daily tasks, they were also set forth as part of the basic tool kit required for Service Technicians

27   taking service calls for QualxServ.

28

63.    The per incident rate does not allow Service Technicians to readily determine whether the employer has discharged all of its legal obligations as to both wages and business expense reimbursement since the employee is unable to differentiate between wages and expense reimbursements.  However, in comparison to the expenses incurred by Service Technicians, the enhanced per incident rate is inadequate and fails to sufficiently and fully reimburse the employee for expenses that were mandatory.  As a result of Defendants' policy and practice of paying per incident rate without establishing a method to apportion the enhanced compensation payments between compensation for labor performed and expense reimbursement, Defendants have made it difficult to account for the unpaid expense reimbursements.  The Plaintiff and Service Technician Class members have been deprived, and continue to be deprived of full reimbursement for expenses necessarily incurred in amounts to be determined at the time of trial and are entitled to recovery of such amounts together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation.  The Plaintiff requests relief as described below on behalf of himself, all similarly situated Service Technicians, and on behalf of the general public.

## XIV.   SEVENTH CLAIM FOR FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS

[Cal. Labor Code § 226(a)]

64.    Plaintiff hereby incorporates by this reference all prior allegations as though fully set forth hereinafter.

65.    Under Cal. Labor Code § 226(a), Defendants were and are obligated to furnish to all Service Technicians, including Plaintiff, at the time of each payment of wages, either as a detachable part of the check, draft, or voucher paying the wages, or separately when wages were paid by personal check or cash, an itemized statement in writing showing the items of information delineated in Cal. Labor Code § 226(a).

66.    During the Liability Period, Defendants had, and continue to have, a policy and practice of knowingly and intentionally failing to furnish to Service Technicians, including Plaintiff, at the time of each payment of wages, an itemized statement in writing showing all of the information required by Cal. Labor Code § 226(a), including, but not limited to, the following:  (1) the total hours actually worked by the Service Technician; (2) the method or formula that identifies the amount of

1   the combined employee compensation payment that is intended to provide expense reimbursement,

2   and (3) all applicable regular and overtime rates in effect during the pay period and the corresponding

3   number of hours actually worked at each hourly rate by the Service Technician.

4        67.    As a result of the foregoing unlawful acts of Defendants, the Plaintiff and all other

5   Service Technician Class members have suffered injury and are entitled to recover from Defendants

6   pursuant to Cal. Labor Code § 226(e), and hereby seek to recover, the greater of all actual damages or

7   statutory penalties in the amount of fifty dollars ($50.00) per employee for the initial pay period in

8   which a violation occurred and one hundred dollars ($100.00) per employee for each violation in a

9   subsequent pay period, not exceeding an aggregate statutory penalty of four thousand dollars

10  ($4,000.00) per employee, in addition to an award of costs and reasonable attorney's fees.  The

11  Plaintiff requests relief as described below on behalf of himself, all similarly situated Service

12  Technicians, and on behalf of the general public.

13  **XV.   EIGHTH CLAIM FOR UNFAIR AND UNLAWFUL BUSINESS PRACTICES**

14  [Cal. Bus. & Prof. Code §§ 17200-17208]

15       68.    Plaintiff hereby incorporates by this reference all prior allegations as

16  though fully set forth hereinafter.

17       69.    The Defendants' policy and practice of failing to furnish itemized wage statements and

18  failing to pay legally required overtime compensation, wages for compensable meal periods and rest

19  breaks, and indemnity for expenditures incurred in the discharge of business-related duties as required

20  by the FLSA and/or California law constitutes unfair, unlawful, or fraudulent business activity

21  prohibited by the UCL, Cal. Business & Professions Code §§ 17200-17208.

22       70.    As a result of these unfair, unlawful, or fraudulent acts and practices, Defendants have

23  reaped unfair benefits and illegal profits at the expense of Plaintiff and the Service Technician Class

24  members.  This has, in turn, provided Defendants with an anti-competitive advantage when compared

25  to those businesses that have complied with the applicable wage and hour laws.  Additionally,

26  Defendants should be enjoined from continuing the aforementioned violations.

27       71.    Defendants must make restitution, disgorge themselves of all ill-gotten gains, and/or

28  be subject to other equitable relief pursuant to Cal. Business & Professions Code § 17203.  All such

1  remedies are cumulative of relief under other laws, pursuant to Cal. Business & Professions Code §

2  17205.  Plaintiff and all other persons employed or formerly employed by Defendants as Service

3  Technicians request the relief as described herein.

4  **XVI.   NINTH CLAIM FOR REPRESENTATIVE ACTION ON BEHALF OF ALL**

5  **EMPLOYEES FOR VIOLATION OF LABOR CODE SECTION 2699**

6  **(As against all DEFENDANTS)**

7  72.    Violation of Labor Code Section 2699 - Plaintiff hereby incorporates by this reference

8  all prior allegations as though fully set forth hereinafter.

9  73.    Plaintiff and the Service Technician Class members allege that they are "aggrieved

10  employees" who are or were employed by Defendants as non-exempt hourly employees and seek the

11  relief requested herein on behalf of themselves and all other current and former employees of

12  Defendants pursuant to Labor Code section 2699 et seq.  Plaintiff has complied with all of the notice

13  requirements of Labor Code section 2699.3.  On or about August 7, 2009, pursuant to California

14  Labor Code section 2699.3(a), Plaintiff provided notice to the California Labor and Workforce

15  Development Agency of their desire to amend this action to seek on behalf of themselves and all

16  other aggrieved employees, civil penalties under subdivisions (a) and (f) of Labor Code section 2699

17  for Defendants' violations of various provisions listed in Labor Code section 2699.5. On September

18  23, 2009, Plaintiff received notice from the Labor and Workforce Development Agency that it does

19  not intend to investigate the alleged claims thereby giving Plaintiff the right to proceed with a

20  representative action.

21  74.    Plaintiff alleges that Defendants' company-wide plan and scheme to reduce operating

22  expenses by illegally failing to properly compensate its employees, violates various Labor Code

23  sections, including but not limited to, 200, 201, 202, 203, 204, 208, 210, 216, 218.5, 218.6, 225.5,

24  226, 226.3, 226.7, 227.7, 450, 500, 510, 512, 516, 558, 1174, 1174.5, 1194, 1197, 1198, 1199, 2802,

25  2926, 2927, and IWC Wage Orders including but not limited to 4-2001 and 7-2001.  Pursuant to

26  Labor Code section 2699 et seq., Plaintiff and the Service Technician Class members seek the

27  recovery of all statutory penalties for Defendants' violation of any provision of the California Labor

28  / / /

1  Code on behalf of all current and former employees of Defendants against whom one or more of the

2  alleged violations was committed within the applicable limitations period.

3       75.     In addition to any other Civil or Statutory Penalty, Plaintiff and the Service Technician

4  Class members seek, pursuant to Labor Code section 2966, a statutory penalty of $100 for each

5  aggrieved employee per pay period for Defendants' first violation of any provision of the Labor Code,

6  and $200 for each aggrieved employee per pay period for any subsequent violation by Defendants of

7  any provision of the Labor Code.  Plaintiff and the Service Technician Class members also seek the

8  award of reasonable attorneys' fees and costs.

9                          **XVII. PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, on behalf of themselves, all present and former similarly situated

11  Service Technicians, and on behalf of the general public, request the following relief:

12      1.     A determination that this action may proceed and be maintained by Plaintiff as a class

13  action pursuant to FRCP 23(a) and 23(b)(3) on behalf of themselves and the class or classes of

14  employees alleged herein;

15      2.     The issuance of notice pursuant to FRCP 23 to all Service Technician Class members

16  who worked for Defendants within the four (4) year period preceding the filing of this Complaint in

17  accordance with the statute of limitations of the UCL, Cal. Business & Professions Code §§

18  17200-17208;

19      3.     A declaratory judgment that Defendants have violated the overtime provisions of the

20  FLSA, 29 U.S.C. § 207, as to the Plaintiff and all similarly situated Service Technician Class

21  members;

22      4.     A declaratory judgment that Defendants have violated Cal. Labor Code §§ 510 and

23  1194 and I.W.C. Wage Order Nos. 4-2000 and 4-2001 by failing to provide overtime compensation to

24  Plaintiff and the Service Technician Class members for all hours worked in excess of forty (40) hours

25  per workweek and/or eight (8) hours per workday when paid on a commission basis;

26      5.     A declaratory judgment that Defendants have violated Cal. Labor Code §§ 226.7, 512,

27  and 516 as well as I.W.C. Wage order Nos. 4-2000 and 4-2001, by failing to afford Plaintiff and the

28  Service Technician Class members proper meal and rest break periods;

6.     A declaratory judgment that Defendants have willfully violated Cal. Labor Code §§ 201-203 by failing to pay overtime compensation and other unpaid wages due and owing to Plaintiff and the Service Technician Class members at the time of termination of their employment, thereby subjecting Defendants to liability for statutory waiting time penalties;

7.     A declaratory judgment that Defendants have violated Cal. Labor Code § 2802 by failing to provide some method or formula to identify the amount of the combined employee compensation payment that is intended to provide expense reimbursement;

8.     A declaratory judgment that Defendants have violated Cal. Labor Code § 2802 by failing to provide full and/or sufficient reimbursement for out-of-pocket expenses that the Service Technicians necessarily incurred, owing to Plaintiff and the Service Technician Class members;

9.     A declaratory judgment that Defendants have violated Cal. Labor Code § 226(a) by knowingly and intentionally failing to furnish to Plaintiff and the Service Technician Class members, to their injury, itemized wage statements in compliance with Cal. Labor Code § 226(a), thereby subjecting Defendants to liability for actual damages or statutory penalties under Cal. Labor Code § 226(e);

10.     A declaratory judgment that Defendants have violated the record keeping provisions of the FLSA, 29 U.S.C. § 211(c), as to Plaintiff and all similarly situated Service Technician Class members;

11.     A declaratory judgment that Defendants have violated the record keeping provisions of Cal. Labor Code § 1174(d) and I.W.C. Wage Order Nos. 4-2000 and 4-2001 as to Plaintiff and the Service Technician Class members;

12.     A declaratory judgment that Defendants' violations of the FLSA and California wage and hour laws were willful and without good faith justification;

13.     A declaratory judgment that Defendants have violated the provisions of Cal. Business & Professions Code §§ 17200-17208 by failing to pay overtime compensation under the FLSA and California law, failing to pay wages for compensable meal break periods as required by California law, and failing to furnish proper itemized wage statements in violation of California law;

14.     A declaratory judgment that Defendants' violations of Cal. Business & Professions Code §§ 17200-17208 were willful and without good faith justification;

15.     A declaratory judgment that, with regard to Plaintiff's claims under Cal. Business & Professions Code §§ 17200-17208, Plaintiff and similarly situated Service Technician Class members are entitled to a four (4) year statute of limitations;

16.     A permanent injunction enjoining Defendants and any and all persons acting in concert or in participation with Defendants from directly or indirectly committing the unlawful, unfair, and deceptive business acts and practices as alleged above, pursuant to the UCL;

17.     An award to Plaintiff and the Service Technician Class members of damages in the amount of unpaid wages under California law, including liquidated damages under Cal. Labor Code § 1194.2 and interest subject to proof at the time of trial;

18.     An award to Plaintiff and all similarly situated Service Technician Class members for damages in the amount of unpaid overtime wages under the FLSA, including liquidated damages or, in the alternative, pre-judgment interest subject to proof at the time of trial;

19.     An award to Plaintiff and all Service Technician Class members of damages in the amount of unpaid overtime compensation and wages under California law, including interest thereon subject to proof at the time of trial;

20.     An award to Plaintiff and all Service Technician Class members for one hour of compensation for each day they did not receive proper meal break periods under Cal. Labor Code §§ 226.7 and 512 and I.W.C. Wage Order Nos. 4-2000 and 4-2001;

21.     An award to Plaintiff and all Service Technician Class memgers for one hour of compensation for each day they did not receive proper rest break periods under Cal. Labor Code §§ 226.7 and 516 and I.W.C. Wage Order Nos. 4-2000 and 4-2001;

22.     An award to Plaintiff and all Service Technician Class members for payments due to them as statutory waiting time penalties under Cal. Labor Code §§ 201-203;

23.     An award to Plaintiff and all Service Technician Class members for the greater of all actual damages or the statutory penalties provided in Cal. Labor Code § 226(e) subject to proof at the time of trial;

24.     An award to Plaintiff and all other aggrieved Service Technician Class members of civil penalties under Cal. Labor Code § 558(a) for Defendants' violations of the overtime pay requirements of Cal. Labor Code §§ 510 and 1194 and I.W.C. Wage Order Nos. 4-2000 and 4-2001 subject to proof at the time of trial;

25.     An award to Plaintiff and all similarly situated Service Technician Class members of liquidated damages in an amount equal to the overtime compensation and unpaid meal break period wages shown to have been denied to Plaintiff pursuant to 29 U.S.C. § 216(b) and liquidated damages in an equal amount or, if liquidated damages are not awarded, then in the alternative pre-judgment interest;

26.     An award to Plaintiff and all Service Technician Class members of restitution and/or disgorgement of all amounts owed for Defendants' failure to pay legally required wages, overtime compensation, wages for compensable meal break periods, failure to indemnify expenditures under Cal. Labor Code § 2802, and failure to furnish itemized wage statements under Cal. Labor Code § 226(a) in an amount according to proof, pursuant to the UCL;

27.     An award to Plaintiff and all similarly situated Service Technician Class members of all civil penalties recoverable pursuant to Cal. Labor Code § 2699, et seq., for all pay periods in which a violation of the Labor Code exists.

28.     An award to Plaintiff and all similarly situated Service Technician Class members of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Cal. Labor Code §§ 226(e), 1194, 2699(g)(1), Cal. Civil Code 1021.5, and/or any other applicable law;

29.     An award of pre and post-judgment interest; and

30.     An award of such other and further relief as this Court may deem just and appropriate.

DATED: January 25, 2010                    **KRUTCIK & GEORGGIN**


By _____
     A. Nicholas Georggin, Esq.
     Joo Hee Kershner, Esq.
     Attorneys for PLAINTIFF

1  **DEMAND FOR JURY TRIAL**

2      Plaintiff, on behalf himself and all other similarly situated employees and former employees

3  of the Defendants, hereby demand trial of these claims by jury to the extent authorized by law.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28