**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal, Esq. (SBN 068687)
Kyle R. Nordrehaug, Esq. (SBN 205975)
Aparajit Bhowmik, Esq. (SBN 248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223**;**       (858) 551-1232 FAX
kyle@bamlawlj.com; aj@bamlawlj.com

**KRUTCIK & GEORGGIN**
A. Nicholas Georggin, Esq. (SBN 170925)
Joo Hee Kershner, Esq. (SBN 210015)
26021 Acero
Mission Viejo, CA 92691
(949) 367-8590;     (949) 367-8597 FAX
ngeorggin@kglawoffices.com; jkershner@kglawoffices.com

Attorneys for Representative Plaintiffs George Schulz, Pablo Cardona and Class Members

*Additional Counsel Listed On Signature Page*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SCHULZ, an individual; PABLO CARDONA, an individual on behalf of himself, and on behalf of all persons similarly situated,<br><br>                              Plaintiffs,<br><br>vs.<br><br>QUALXSERV, LLC, a Delaware Company; WORLDWIDE TECHSERVICES, LLC, a Delaware Company, and DOES 1 through 100, inclusive,<br><br>                              Defendants.<br>_____ | CASE NO. 09 CV 0017 LAB (AJB)<br><br>[Consolidated with 09 CV 2081]<br><br>Judge: Hon. Larry A. Burns<br>Magistrate: Hon. Anthony J. Battaglia<br><br>**CONSOLIDATED COMPLAINT FOR UNPAID WAGES, UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, STATUTORY AND CIVIL PENALTIES, UNLAWFULLY WITHHELD WAGES, MINIMUM WAGES/OFF-THE-CLOCK, UN-REIMBURSED BUSINESS-RELATED EXPENSES, ATTORNEYS' FEES AND COSTS**<br><br>**[29 U.S.C. §§ 206, 207, 211(c), 216(b); Cal. Lab. Code, §§ 226(a), 2699, 226.7, 510, 512, 516, 1194, 1194.2, 1197, 2802, 2804; and Cal. Bus. & Prof. Code, §§ 17200-17208]**<br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>**COLLECTIVE CLASS AND REPRESENTATIVE ACTION**<br>**[29 U.S.C. § 216(b); FRCP 23; Cal. Bus. & Prof. Code, § 17200; Cal. Lab. Code, § 2699]** |

# I. **JURISDICTION**

1.      This Court has jurisdiction over Plaintiffs' federal law claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337 (federal question jurisdiction), and 28 U.S.C. § 1332 (CAFA jurisdiction).  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because such claims are so related to the federal claims that they form part of the same case or controversy between Plaintiffs and Defendant.  The action is brought as a class action pursuant to Federal Rules of Civil Procedure, rule 23 on behalf of a class that exceeds 100 people, that involves more than $5,000,000 in controversy, and where the citizenship of at least one member of the class is diverse from that of Defendants.

# II. **INTRODUCTION**

2.      This action is brought as a hybrid collective and representative class action to recover for unpaid wages, unpaid overtime compensation, unpaid and unlawfully withheld wages, un-reimbursed business-related expenses, meal period violations, rest break violations, liquidated damages, restitution, as well as other statutory and civil penalties and damages owed to Plaintiffs and all other Technician Employees employed by, or formerly employed by, QualxServ, LLC, Worldwide TechServices, LLC, and Does 1 through 100, as well as their subsidiaries, predecessors and affiliated companies (collectively "QLX/WWT" or "Defendants") pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), Federal Rules of Civil Procedure, rule 23, California Labor Code sections 201-203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 2699 and 2802, IWC Wage Order Nos. 4-2000 and 4-2001, and California Business & Professions Code sections 17200-17208 ("UCL").  The employees employed at QLX/WWT with the titles of Service Technician, Tech, Technician, Field Service Representative, and Service Partner perform the same primary duties and are collectively referred to herein as "Technician Employees." Plaintiffs George Schulz and Pablo Cardona ("PLAINTIFFS") bring this collective and class action on behalf of themselves and a class consisting of all individuals who are or previously were employed by Defendants QLX/WWT in California, in positions entitled "Service Technician," "Tech," "Technician," "Field Service Representative," "Service Partner" or in any other similarly situated position during the Liability Period.

3.      During the four years preceding the filing of the original *Schulz v. QualxServ, LLC* Complaint, to the present and ending on the date as determined by the Court (the "Liability Period" or "Class Period"), Defendants had, and continue to have a policy and practice of paying Technician Employees a per incident rate of between $28 and $ 38 per call.  However, prior to being sent to the field, all Technician Employees had to complete online certification testing.  Once they passed, they would be allowed to go into the field for service calls.  Each call entailed numerous, time-consuming steps, including: logging onto to the internet portal to download assignments, setting up appointments with the clients, picking up the parts for the clients, making the service call, returning parts, paperwork, and logging back onto the internet portal to close assignments.  Moreover, Technician Employees were required to use their own cars, their own cell phones, their own laptops with internet capabilities in the field, cleaning supplies and tools, as well as printing materials.  Both the steps to be taken for service calls and the list of necessary supplies are meticulously documented in Defendants' own employee manual.  This per incident payment was supposed to compensate the employee for hours worked on the assignment, travel time, parking and gas.  No additional reimbursements were provided for other out-of-pocket expenses, which included, but was not limited to: wear and tear on the automobile, additional accident insurance premiums, cell phones, laptops, internet access, cleaning supplies, tools, paper, printer and printing materials.  However, in order to perform their duties, Technician Employees needed and were required to have, all of these items.  This lump-sum method, designed to reimburse employees their work-required expenses was insufficient to provide full reimbursement for actual business-related expenses necessarily incurred under California Labor Code section 2802.

4.      Defendants' lump-sum method does not identify which portion of Plaintiffs' compensation is wages and which portion is intended to reimburse plaintiffs' for incurred business-related expenses.  California law requires an employer utilizing a lump-sum compensation plan to establish some means for the employee to identify the portion of overall compensation that is intended as expense reimbursement.  (Cal. Lab. Code, § 2802.)  California law also requires that the amounts identified as expense reimbursement are sufficient to fully reimburse the employees for all expenses actually and necessarily incurred.  Defendants, however, utilize a lump-sum method that does not differentiate between wages and expense reimbursement so that Plaintiffs cannot determine what portion of their

overall compensation was intended to reimburse them for business-related expenses. Defendants also never conducted any study or analysis to determine whether or not the lump-sum amounts adequately reimburse Plaintiffs for the expenses they actually and necessarily incurred.

5. California law also requires an employer utilizing a lump-sum compensation plan to account for any tax consequences that result from the employer's choice of reimbursement method to ensure that employees are reimbursed for all incurred expenses. (Cal. Lab. Code., § 2802.) In compensating Plaintiffs pursuant to its lump-sum method, Defendants calculated taxable withholding based on the entire lump-sum rate payable under its plan. As a result, Plaintiffs paid taxes on both the amount intended by Defendants as wages as well as the amount intended to reimburse Plaintiffs for incurred business-related expenses. The resulting overpayment of taxes reduces the intended reimbursement to an amount not accounted for by Defendants so that its lump-sum method does not and cannot fully reimburse Plaintiffs for expenses as required by California law.

6. Defendants unlawfully passed operating expenses onto their employees through this lump-sum method. Moreover, the employees were often required to take a longer amount of time to complete an assignment than the Defendants allocated, thus making the lump-sum rate insufficient to provide full reimbursement for the time and/or the expenses that the employee necessarily incurred. Technician Employees did not and do not qualify as exempt employees under the overtime provisions of the Fair Labor Standards Act (FLSA) because they work in an industry that does not qualify as having the "retail" service concept (computer service technician), are not primarily compensated on a salary basis, and do not exercise, as part of their primary duties, discretion and independent judgment, nor do they perform work directly related to the general business operations of QLX/WWT or its customers. Additionally, they do no fall under the highly-skilled computer-related occupation exemption because Technician Employees are engaged in the repair and/or maintenance of computer hardware and related equipment.

7. During the Liability Period, including when Technician Employees were paid on a "per incident rate," Defendants also had, and continue to have, a willful policy and practice of requiring Technician Employees, including PLAINTIFFS, to work substantially in excess of forty (40) hours per week without paying them proper overtime compensation as required by the FLSA, 29 U.S.C. § 207 and California Labor Code sections 510 and 1194. In addition to violating the foregoing provisions of the

FLSA and the California Labor Code, this constitutes an unlawful and unfair business practice under California Business & Professions Code sections 17200-17208.

8.     During the Liability Period, including when Technician Employees were paid on a "per incident rate," Defendants also had, and continue to have a policy and practice of requiring their Technician Employees, including PLAINTIFFS, to work hours substantially in excess of eight (8) hours per day without paying them proper overtime compensation as required by California Labor Code section 510.  Moreover, Technician Employees were often required to take a longer amount of time to complete an assignment than the Defendants allocated, thus the lump-sum rate was insufficient to provide proper payment and reimbursement for the time and/or the expenses that the employee necessarily incurred. Technician Employees did not, and do not, qualify for the "highly-skilled computer-related occupation exemption" because Technician Employees are engaged in the repair and/or maintenance of computer hardware and related equipment.  Technician Employees are thus entitled to overtime compensation. In addition to violating California Labor Code section 510, this constitutes an unlawful and unfair business practice under California. Business & Professions Code sections 17200-17208.

9.     During the Liability Period, Defendants also had, and continue to have a policy and practice of denying their Technician Employees, including PLAINTIFFS, meal break periods as required by California Labor Code sections 226.7 and 512, and IWC Wage Order Nos. 4-2000 and 4-2001. PLAINTIFFS and all other Technician Employees are accordingly entitled to an additional hour of pay at their regular rate for each day they were not afforded a lawful meal period.  This also constitutes an unlawful and unfair business practice under California Business & Professions Code sections 17200-17208.

10.     During the Liability Period, Defendants also had, and continue to have, a policy and practice of not timely paying overtime compensation and other wages to their Technician Employees, including PLAINTIFFS, within 72 hours of the conclusion of their employment with Defendants, thereby entitling these employees to statutory penalties under California Labor Code sections 201-203.

11.     During the Liability Period, Defendants also had, and continue to have, a policy and practice of knowingly and intentionally failing to furnish to Technician Employees, including PLAINTIFFS, to their injury, an itemized statement at the time of each payment of wages, in writing

showing all of the information required by California Labor Code section 226, subdivision (a), including, but not limited to, the following:  (1) the total hours actually worked by the Technician Employee; (2) some method or formula to identify the amount of the combined employee compensation payment that is intended to provide expense reimbursement; and (3) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at rate by the Technician Employees.  PLAINTIFFS and all other Technician Employees are accordingly entitled to recover the greater of all actual damages or the statutory penalties as set forth in California Labor Code section 226, subdivision (e).  In addition to violating California Labor Code section 226, subdivision (a), this constitutes an unlawful and unfair business practice under California Business & Professions Code sections 17200-17208.

12.    Defendants did not pay Technician Employees, including PLAINTIFFS, such overtime compensation, wages for missed meal and rest break periods, and did not provide Technician Employees, including PLAINTIFFS, with such itemized statements because Defendants improperly treated them as "exempt" employees under applicable wage and hour laws and/or because Defendants willfully elected to ignore and violate applicable wage and hour laws.  Defendants created a policy and practice of intentional deception, in an attempt to avoid having to compensate Technician Employees for overtime, by adopting a practice or policy of paying a per incident rate of pay that had the illusion of being an enhanced compensation payment but in reality was illegal compensation that failed to pay for all time worked, and failed to discharge its reimbursement obligations.  This sham "enhanced compensation payment" had the effect of denying Technician Employees proper pay, overtime pay, and expense reimbursement for employee expenses that were necessarily incurred to discharge their duties.  This was a willful violation of federal and state law.  Accordingly, PLAINTIFFS seek to recover unpaid overtime compensation, including the interest thereon, restitution, statutory and civil penalties, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated current and former Technician Employees who worked for Defendants ("class members") pursuant to the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 216(b), California Labor Code sections 201-203, 226, 226.7, 510, 512 and 1194, IWC Wage Order Nos. 4-2000 and 4-2001, and California Business & Professions Code sections 17200-17208.  PLAINTIFFS and all similarly situated current and former Technician Employees who

"opt-in" pursuant to the FLSA, 29 U.S.C. § 216(b), also seek liquidated damages or, in the alternative, pre-judgment interest.  Furthermore, PLAINTIFFS, on behalf of themselves, the general public, and the class members, also seek injunctive relief and restitution, as well as class-wide restitution of all unpaid and unlawfully withheld overtime compensation, and all other related wages and penalties, as well as restitution of all out-of-pocket business-related expenditures, pursuant to California Business & Professions Code sections 17200-17208.

13.     PLAINTIFFS request that the Court order notice to all similarly situated current and former Technician Employees who worked for Defendants informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation, unpaid wages, expense reimbursement, penalties, and liquidated damages as alleged herein.  PLAINTIFFS  will also seek certification pursuant to Federal Rules of Civil Procedure, rule 23, of the Technician Employee class with Court-approved notice.

# III.  **VENUE**

14.     Venue is proper in this Court and judicial district under 28 U.S.C. § 1391 because Defendants conduct and conducted substantial business within this judicial district and maintain offices in this judicial district, (ii) the causes of action alleged herein arose in whole or in part in this judicial district, and (iii) Defendants committed wrongful conduct against members of the class in this district.

# IV.  **PARTIES**

**Plaintiffs**

15.     Representative Plaintiff, George Schulz, brings claims on behalf of himself, the general public, and in a representative capacity on behalf of all similarly situated Technician Employees.

(a)     Plaintiff George Schulz worked as a Technician Employee for Defendants starting in or about December of 2006 through about August 2008.

(b)     From about December of 2006 until his departure in or about August of 2008, Plaintiff Schulz, like other similarly situated Technician Employees, was paid at a per incident rate of $32 per closed ticket. This position did not provide any additional reimbursements, despite the fact that

Plaintiff Schulz was required to provide his own car, cell phone and/or pager, laptop and other tools/supplies in order to complete the daily tasks of the position.  The per incident rate also did not compensate Plaintiff Schulz for time worked both before his first assignment and after his last.  Plaintiff Schulz also was subjected to income tax withholdings from all amounts paid, even those amounts intended by Defendants to reimburse Schulz for business-related expenses.  This resulted in a failure to fully reimburse Schulz for business-related expenses under California Labor Code section 2802.  Plaintiff Schulz was similarly not compensated for mandatory meetings, all in violation of both federal and California law.

(c)     During the Liability Period, including when he was paid on a per incident basis, Plaintiff Schulz regularly worked in excess of eight (8) hours per day and forty (40) hours per week, but was not paid overtime compensation for hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of both federal and California law.  The primary duties of Plaintiff Schulz and other Technician Employees involve the performance of routine tasks that have been determined by the Department of Labor to be non-exempt duties.

(d)     During the Liability Period, Plaintiff Schulz was not afforded meal breaks in accordance with California Labor Code section 512.  Plaintiff Schulz regularly worked in excess of five (5) hours per day and was not afforded an uninterrupted 30 minute meal period in which he was relieved of all duties.  He regularly worked in excess of ten (10) hours a day and was not afforded a second half-hour meal period in which he was relieved of all duties.  Defendants also did not timely pay overtime compensation, and other related unpaid wages and penalties due to Plaintiff Schulz at the conclusion of his employment in violation of California Labor Code sections 201-203.

(e)     During the Liability Period, Defendants failed to provide Plaintiff Schulz uninterrupted rest periods of not less than ten (10) minutes as required in violation of California law, including but not limited to, California Labor Code sections 226.7 and 516 and IWC Wage Order 4-2001, and failed to pay Plaintiff for those rest periods not provided, plus statutory wages and related sums.  Defendants also did not timely pay overtime compensation, and other related unpaid wages and penalties due to Plaintiff Schulz at the conclusion of his employment in violation of California Labor Code sections 201-203.

(f)      During the Liability Period, Defendants did not furnish to Plaintiff Schulz, at the time of each payment of wages, an itemized statement in writing showing all of the information required by California Labor Code section 226(a), including, but not limited to, (1) the total hours worked by Plaintiff Schulz, (2) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff Schulz, and (3) the method or formula identifying the amount of the employee compensation that is intended to provide expense reimbursement, all in violation of California Labor Code section 226, subdivision (a).

16.      Representative Plaintiff, Pablo Cardona brings claims on behalf of himself, the general public, and in a representative capacity on behalf of all similarly situated Technician Employees.

(a)      Plaintiff  Pablo Cardona worked as a Technician Employee for Defendants from about October of 2007 through about April of 2008.

(b)      From about October of 2007 until his departure in or about April of 2008, Plaintiff Cardona, like other similarly situated Technician Employees, was paid at a per incident rate of $38 per call. This position did not provide any additional reimbursements, despite the fact that Plaintiff Cardona was required to provide his own car, cell phone and/or pager, laptop and other tools/supplies in order to complete the daily tasks of the position.  The per incident rate also did not compensate Plaintiff Cardona for time worked both before his first assignment and after his last.  Plaintiff Cardona also was subjected to income tax withholdings from all amounts paid, even those amounts intended by Defendants to reimburse Cardona for business-related expenses.  This resulted in a failure to fully reimburse Cardona for business-related expenses under California Labor Code section 2802.  Plaintiff Cardona was similarly not compensated for mandatory meetings, all in violation of both federal and California law.

(c)      During the Liability Period, including when he was paid on a per incident basis, Plaintiff Cardona regularly worked in excess of eight (8) hours per day and forty (40) hours per week, but was not paid overtime compensation for hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of both federal and California law.  The primary duties of Plaintiff Cardona and other Technician Employees involve the performance of routine tasks that have been determined by the Department of Labor to be non-exempt duties.

/ / /

(d)     During the Liability Period, Plaintiff Cardona was not afforded meal breaks in accordance with California Labor Code section 512.  Plaintiff Cardona regularly worked in excess of five (5) hours per day and was not afforded an uninterrupted 30 minute meal period in which he was relieved of all duties.  He regularly worked in excess of ten (10) hours a day and was not afforded a second half-hour meal period in which he was relieved of all duties.  Defendants also did not timely pay overtime compensation, and other related unpaid wages and penalties due to Plaintiff Cardona at the conclusion of his employment in violation of California Labor Code sections 201-203.

(e)     During the Liability Period, Defendants failed to provide Plaintiff Cardona uninterrupted rest periods of not less than ten (10) minutes as required in violation of California law, including but not limited to, California Labor Code sections 226.7 and 516 and IWC Wage Order 4-2001, and failed to pay Plaintiff for those rest periods not provided, plus statutory wages and related sums.  Defendants also did not timely pay overtime compensation, and other related unpaid wages and penalties due to Plaintiff Cardona at the conclusion of his employment in violation of California Labor Code section 201-203.

(f)     During the Liability Period, Defendants did not furnish to Plaintiff Cardona, at the time of each payment of wages, an itemized statement in writing showing all of the information required by California Labor Code section 226(a), including, but not limited to, (1) the total hours worked by Plaintiff Cardona,  (2) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff Cardona, and (3) the method or formula identifying the amount of the employee compensation that is intended to provide expense reimbursement, all in violation of California Labor Code section 226, subdivision (a).

**Defendants**

17.     Defendant QualxServ, LLC, is a Delaware company engaged in technology deployment and field maintenance services for leading technology partners.

18.     On January 27, 2010, QualxServ, LLC announced that it is re-launching the company as Worldwide TechServices, LLC.  This was a change in name only, therefore, QualxServ, LLC's new name is Worldwide TechServices, LLC.  The new branding and logo will appear in all company advertising, documentation, and client communications.  A newly re-branded website and URL at

www.wwts.com was launched, featuring improved documentation, functionality, search functions, maps, language support and additional tools.  Worldwide TechServices, LLC continues to employ certain individuals who were

 employed when the company operated as QualxServ, LLC.  The transition has been described by the company as simply a re-branding.

19.   Defendant Worldwide TechServices, LLC is the successor in interest to QualxServ, LLC. Defendant Worldwide TechServices, LLC operates in the same manner and performs the same business, with the same employees as QualxServ, LLC.  Defendant Worldwide TechServices, LLC continues to operate at the same principal place of business as QualxServ, LLC, located at 836 North Street, Tweksbury, Massachusetts.  As a result of the corporate name change, Defendant Worldwide TechServices, LLC owns all assets and liabilities of Defendant QualxServ, LLC, including the liabilities to PLAINTIFFS and the Class as alleged in this action.  Collectively, Defendants QualxServ, LLC and Worldwide TechServices, LLC are referred to as "QLX/WWT."  Defendants QLX/WWT were the employer of PLAINTIFFS and is, or was, the current and/or former employer of the putative Class as hereinafter defined during the class period.

20.   QLX/WWT operates as a privately held entity and employs approximately 2,000 people throughout the United States in most major metropolitan areas, with nearly 150 service locations throughout the nation.  QLX/WWT is headquartered in Tewksbury, Massachusetts, but has been doing business in the State of California during the Liability Period, and is subject to the requirements of the FLSA, California's labor laws, and the UCL.  QLX/WWT are jointly and severally liable for their own, and their predecessors', affiliates', corporate parents', joint venturers', and subsidiaries' violations of the FLSA, California's labor laws, and the UCL.  QLX/WWT are in the business of providing technological support and servicing, mostly for Dell and IBM laptops, to the public nationwide, and Defendants employed PLAINTIFFS and Technician Employee class members during the Liability Period.

21.   Defendants' founders and executive officers directed, authorized, ratified, and/or participated in the conduct that gives rise to the claims asserted herein, and derived personal financial benefit from such conduct.

22.   PLAINTIFFS are ignorant of the true names or capacities of the Defendants sued herein

1   under the fictitious named DOES 1 through 100, inclusive.

2        23.     Each Defendant acted in all respects pertinent to this action as the agent of the other

3   Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the

4   acts of each Defendant are therefore legally attributable to the other Defendants.  There may be one or

5   more additional Defendants not named in this Complaint that were the agents, servants, and/or employees

6   of QLX/WWT who were acting on behalf of Defendants within the course and scope of his, her, or its

7   authority as the agent, servant and/or employee of Defendants and were in some manner responsible for

8   the conduct and injuries alleged herein and directly participated in the illegal practices alleged herein.

9   Consequently, the Defendants named herein and such other persons or entities, whose identity is

10  unknown at this time, are jointly and severally liable to the PLAINTIFFS and the other members of the

11  Class, for the losses sustained as a proximate result of Defendants' conduct as herein alleged.

12

13              **V.  <u>FACTUAL BACKGROUND FOR ALL CLAIMS</u>**

14       24.     During the Liability Period, Defendants operated as a privately held company that

15  employs approximately 2,000 people nationwide, with nearly 150 service locations throughout the United

16  States.  QLX/WWT sends out field technicians or Technician Employees to service mostly Dell laptops,

17  with service locations throughout the United States in most metropolitan areas.  Defendants employ and

18  have employed numerous Technician Employees, including PLAINTIFFS, to service computers at both

19  commercial and residential locations.  Each class member worked for and was employed by Defendants

20  as a full-time, part-time and/or temporary Service Technician or QualxServ Service Partner.

21  PLAINTIFFS are informed and believe and on that basis allege that, during the Liability Period,

22  Defendants have employed hundreds of persons as Technician Employees throughout the state of

23  California.

24       25.     QLX/WWT conducted and continues to conduct substantial and regular business

25  throughout California and also is an enterprise that affects commerce by engaging in the enterprise of

26  providing services through interstate commerce and by regularly and recurrently receiving or transmitting

27  interstate communications.  QLX/WWT's head quarters and corporate residence is in Massachusetts, but

28  it has service locations throughout the United States.

**Duties of Technician Employees**

26.     Technician Employees take service calls for QLX/WWT Client Services Organizations, both in commercial and residential locations.  Their duties consist of purely repair, service, and maintenance work on computers and other technology products, according to pre-established guidelines and procedures.  Technician Employees do not perform highly-skilled computer related work, nor do they perform any significant discretionary decision making, nor the exercise of independent judgment, nor the supervision of other employees.  Technician Employees are not required to have a college degree or graduate degree to qualify them for employment.  Technician Employees perform all duties according to established company policies, protocols and procedures, as directed by QLX/WWT.

27.     The job duties of Technician Employee class members include responding to calls, contacting customers, picking up parts, then driving to location, making repair and updating all service calls assigned each morning and evening when closing calls.  Both the process and time frames for taking calls, that all techs working for QLX/WWT are required to follow are set forth in the employee guidebook which was "designed for all QLX/WWT Technicians to provide easy access to processes and procedures that are used in daily activities."  PLAINTIFFS' and Technician Employees' performance of their duties as Technician Employees was and is on a daily and weekly basis comprised primarily of driving to sites and performing routine computer hardware installation, troubleshooting and/or repair, which involves following established company protocol and procedures according to QLX/WWT's pre-established guidelines.  In order for QLX/WWT to deliver consistent service across the country, these duties are necessarily repetitive and routine and have preset guidelines to which PLAINTIFFS and other Technician Employees must adhere.  PLAINTIFFS and Technician Employees perform essentially the same functions on a daily basis at different locations and the preset duties are repetitive and routine.

28.     At minimum, Technician Employee class members, including PLAINTIFFS, worked in excess of 40 hours per week at performing work for QLX/WWT. However, many of these hours were worked, prior to actually going on a service call.  Technician Employees had to drive to designated sites, such as DSL locations, to pick up and drop off parts to perform their work.  Technician Employees spent countless hours on the QLX/WWT internet portal downloading, updating, and closing assignments, and many hours calling clients to set up appointments, picking up and dropping off parts, and filling out

paperwork accompanying the assignments–all of which were not figured into the per incident rate or otherwise compensated by QLX/WWT.  Technician Employees were paid compensation of a piece or per incident basis according to the number of closed tickets or calls performed in a day.  There was no practical administrative difficulty of recording the additional time spent performing the pre- and post-repair activities.  PLAINTIFFS spent a significant and aggregate amount of time performing these pre- and post-repair activities.  And, the regularity of these pre-and post-repair activities was substantial.

29.    In order to perform their duties, Technician Employees needed and were required to provide their own automobiles with additional accident insurance, cell phones, laptops, internet access, cleaning supplies, tools, paper, printer and printing materials.  QLX/WWT paid their Technician Employees a per incident payment which was supposed to compensate the employee for hours worked on the assignment, travel time, parking and gas.  No additional reimbursements were provided for other out-of-pocket expenses, which included, but was not limited to wear and tear on their personal automobiles, additional accident insurance premiums, and other work-related expenses actually incurred by Technician Employees as listed above.  This lump-sum method was insufficient to provide full reimbursement for actual business-related expenses necessarily incurred under section 2802 of the California Labor Code and allowed QLX/WWT to unlawfully pass operating expenses onto their employees.

30.    Because of their duties, pay provisions and the nature of this position, the Technician Employee class members, including PLAINTIFFS, do not fall within any of the exemptions to the minimum wage and overtime pay requirements of the FLSA, 29 U.S.C. §§ 206, 207, or the California Labor Code provisions regarding payment of minimum wage, overtime, meal periods, rest breaks, and waiting time penalties.

**Failure to Pay Overtime Compensation to Technician Employees**

31.    As noted above, in conformance with the policy and practice of Defendants, the Technician Employee class members, including PLAINTIFFS, are generally required to work in excess of eight (8) hours a day, Monday through Friday.  As a matter of company policy and practice, QLX/WWT required Technician Employees, including PLAINTIFFS, to work a minimum of four assignments in a different day at different sites that are geographically dispersed, and thus required

1    PLAINTIFFS to drive extensively in their personal vehicles.  Before beginning work, Technician

2    Employees were required to log onto QLX/WWT's computer system, download jobs, contact the

3    individuals and schedule a time to perform the repair.  There were also required to drive to a central pick-

4    up point to retrieve and return repair parts.  After completing the work at the specified sites each day,

5    PLAINTIFFS were required to close out the calls/assignments for the day and then prepare the

6    paperwork to set up their route and work for the next day, which required an additional 1-2 hours of

7    paperwork at the end of the day.  There was no practical administrative difficulty of recording the

8    additional time spent performing the pre- and post-repair activities. PLAINTIFFS spent a significant and

9    aggregate amount of time performing these pre- and post-repair activities.  And, the regularity of these

10   pre-and post-repair activities was substantial.  PLAINTIFFS and the class members regularly work in

11   excess of forty (40) hours per week.

12        32.    Accordingly, and including when Technician Employees were paid on a per incident

13   basis, Defendants had, and continue to have, a willful policy and practice of requiring their Technician

14   Employees, including PLAINTIFFS, to work substantially in excess of forty (40) hours per week without

15   paying them proper overtime compensation as required by the FLSA, 29 U.S.C. § 207.  Defendants also

16   had, and continue to have, a policy and practice of requiring their Technician Employees, including

17   PLAINTIFFS, to work hours substantially in excess of eight (8) hours per day and forty (40) hours per

18   week without paying them proper overtime compensation as required by California Labor Code section

19   510.  When paid on a per incident basis, PLAINTIFFS and the Technician Employee class members do

20   not, and did not, receive any additional compensation for hours worked in excess of eight (8) hours per

21   day and forty (40) hours per week.  In addition to violating the FLSA, 29 U.S.C. § 207, and California

22   Labor Code section 510, this practice also constitutes a separate and independent violation of California

23   Business & Professions Code section 17200 since it constitutes an unlawful and unfair business practice.

24        **Denial of Meal Periods to Technician Employees**

25        33.    During the Liability Period, Defendants had, and continue to have, a policy and practice

26   of requiring the Technician Employee class members, including PLAINTIFFS, to work in excess of five

27   (5) hours per day without affording them a proper meal period of at least 30 minutes during which they

28   were relieved of all duties.  Technician Employees were also regularly required by Defendants to work

in excess of ten (10) hours per day without being afforded an additional, second meal period of at least 30 minutes during which they were relieved of all duties. This policy and practice does not comply with California Labor Code sections 226.7 and 512, and IWC Wage Order Nos. 4-2000 and 4-2001, and also constitutes a separate and independent violation of California Business & Professions Code section 17200 since it constitutes an unlawful and unfair business practice.

**Denial of Rest Breaks to Technician Employees**

34.     During the Liability Period, Defendants had and continue to have a policy and practice of failing to provide PLAINTIFFS uninterrupted rest periods of not less than ten (10) minutes. This policy and practice does not comply with California Labor Code sections 226.7 and 516 and IWC Wage Order 4-2001, and also constitutes a separate and independent violation of California Business & Professions Code section 17200 since it constitutes an unlawful and unfair business practice.

**Failure to Pay Minimum Wages and "Off-the-Clock" Work**

35.     During the Liability Period, Defendants had, and continue to have, a policy and practice of failing to pay Technician Employee class members, including PLAINTIFFS, for all hours worked, and at wage rates that were equal to the California minimum wage rate then in effect, when those wages were due. Technician Employee class members, including PLAINTIFFS, were paid on a per incident basis. Before beginning work any calls, Technician Employees, including PLAINTIFFS, were required to log into QLX/WWT's computer system, download jobs, contact the clients and schedule a time to perform the repair. They were also required to drive to a central pick-up point to retrieve and drop-off repair parts. There was no practical administrative difficulty of recording the additional time spent performing the pre- and post-repair activities. PLAINTIFFS spent a significant and aggregate amount of time performing these pre- and post-repair activities. And, the regularity of these pre-and post-repair activities was substantial. However, the time spent performing these mandatory duties was not recorded and not inclusive of the per incident rate and constitutes time worked "off-the-clock" for which Technician Employees, including PLAINTIFFS, received no compensation. Technician Employees, including PLAINTIFFS, were also required to attend mandatory meetings for which they were not compensated for their time. Additionally, and because of the minimum wage failures, QLX/WWT failed to provide Technician Employees, including PLAINTIFFS, with accurate time records and earnings statements as

required by Labor Code section 226 and IWC Wage Order Nos. 4-2000 and 4-2001. As a result, Technician Employee class members, including PLAINTIFFS, are entitled to unpaid wages in an amount to be determined, statutory late-pay wages and related sums, civil penalties, attorneys' fees and costs, liquidated damages and disbursements, and interest as provided by California law.

**Failure to Reimburse Incurred Business-Related Expenses**

36. During the Liability Period, Defendants had and continue to have, a policy and practice of paying its Technician Employees a per incident rate of pay for labor and expense reimbursement. However, Defendants did not reimburse employees for all necessarily incurred work-required expenses including, but not limited to gas mileage, toll road fees, wear and tear on their automobiles, additional insurance premiums, cell phone use, laptops, internet use, tools and supplies, even though these items were not only actual expenses necessarily incurred to perform their daily tasks, they were also set forth as part of the basic tool kit required for Technician Employees taking service calls for QLX/WWT.

37. The per incident rate does not allow Technician Employees to readily determine whether Defendants have discharged all of the legal obligations as to both wages and business expense reimbursement since the employee is unable to differentiate between wages and expense reimbursements. However, in comparison to the expenses incurred by Technician Employees, the enhanced per incident rate is inadequate and fails to sufficiently and fully reimburse the employee for expenses that were mandatory. Defendants have also never conducted any study or analysis to determine whether or not the per incident compensation payments adequately reimburse Plaintiffs for the expenses they actually and necessarily incurred while working for Defendants.

38. In compensating Plaintiffs pursuant to its per incident method, Defendants calculated taxable withholding based on the entire lump-sum rate payable under its plan. As a result, Plaintiffs paid taxes on both the amount intended by Defendants as wages as well as the amount intended to reimburse Plaintiffs for incurred business-related expenses. The resulting overpayment of taxes reduces the intended reimbursement to an amount not accounted for by Defendants so that its lump-sum method does not and cannot fully reimburse Plaintiffs for expenses as required by California law. In addition to violating California Labor Code section 2802, this constitutes an unlawful and unfair business practice under California Business & Professions Code sections 17200-17208.

**Failure to Timely Pay Wages and Overtime Compensation Upon Termination**

39.     During the Liability Period, Defendants had, and continue to have, a policy and practice of not timely paying overtime compensation and other related wages and penalties due and owing to the Technician Employee class members, including PLAINTIFFS, immediately or within 72 hours of the conclusion of their employment with Defendants.  This policy and practice does not comply with California Labor Code section 201-203 and imposes upon the employer a penalty and a concomitant wage payment to each such effected employee under California Labor Code section 203.

**Failure to Furnish to Technician Employees Itemized Wage Statements**

40.     During the Liability Period, Defendants had, and continue to have, a policy and practice of knowingly and intentionally failing to furnish to Technician Employee class members to their injury, including PLAINTIFFS to their injury, at the time of each payment of wages, an itemized statement in writing showing all of the information required by California Labor Code section 226, subdivision (a), including, but not limited to, the following:  (1) the total hours actually worked by Technician Employees, (2) the method or formula that identifies the amount of the combined employee compensation payment that is intended to provide expense reimbursement, (3) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at each rate by Technician Employees, and (4) what portion of compensation was intended to reimburse Technician Employees for business-related expenses.  Defendants' per incident method of compensation does not identify which portion of Plaintiffs' compensation is wages and which portion is intended to reimburse plaintiffs' for incurred business-related expenses.  California law further requires an employer utilizing a lump-sum compensation plan to establish some means for the employee to identify the portion of overall compensation that is intended as expense reimbursement.  (Cal. Lab. Code, § 2802.)  In addition to violating California Labor Code sections 226, subdivision (a) and 2802, this constitutes an unlawful and unfair business practice under California Business & Professions Code sections 17200-17208.

/ / /

/ / /

/ / /

# VI.  CLASS ACTION ALLEGATIONS

41.     PLAINTIFFS bring this action as a class action pursuant to Federal Rules of Civil Procedure, rules 23(a) and 23(b)(3) on behalf of themselves and the following class and subclasses of employees and former employees of Defendants who, within the Liability Period, have worked as Technician Employees:

(a)     All Technician Employees who were required or permitted to work in excess of forty (40) hours per week without being paid overtime compensation in violation of the FLSA, 29 U.S.C. § 207, and California Business & Professions Code section 17200;

(b)     All Technician Employees who were required or permitted to work in excess of eight (8) hours per day or forty (40) hours per week without being paid overtime compensation in violation of California Labor Code section 510 and California Business & Professions Code section 17200;

(c)     All Technician Employees who were required or permitted to forego meal breaks in violation of California Labor Code sections 226.7, 512, and IWC Wage Order 4-2001, and California Business & Professions Code section 17200;

(d)     All Technician Employees who were required or permitted to forego rest breaks in violation of California Labor Code sections 226.7 and 516 and IWC Wage Order 4-2001, and California Business & Professions Code section 17200;

(e)     All Technician Employees who were subjected to income tax withholding from their total compensation, including those amounts intended to reimburse for business-related expenses, in violation of California Labor Code section 2802 and California Business and Professions Code section 17200;

(f)     All Technician Employees who terminated their employ with Defendants and who were not timely paid all final accrued wages in violation of California Labor Code sections 201-203; and

(g)     All Technician Employees who were required to purchase and/or use their own automobiles, cell phones, laptops, internet provider, tools, supplies, and other expenses to necessarily discharge their employment duties, but were not sufficiently reimbursed through their per incident rate; and

(h)     All Technician Employees who were not furnished with proper itemized wage statements in violation of California Labor Code section 226, subdivision (a) and California Business & Professions Code section 17200.

42.     <u>Numerosity</u>.  The potential members of the class or classes as defined are so numerous that joinder of all members of the class is impracticable.  There are several hundred Technician Employees currently or previously employed by the Defendants within the Liability Period.

43.     <u>Commonality</u>.  There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class including, but not limited to, the following:

(a)     Whether Defendants violated the FLSA, 29 U.S.C. § 207, and California Business & Professions Code section 17200-17208, by failing to pay proper overtime compensation to Technician Employees for hours worked in excess of forty (40) hours per week as alleged herein;

(b)     Whether Defendants violated California Labor Code section 510, IWC Wage Order Nos. 4-2000 and 4-2001, and California Business & Professions Code sections 17200-17208, by failing to pay proper overtime compensation to Technician Employees for hours worked in excess of eight (8) hours per day or forty (40) hours per week as alleged herein;

(c)     Whether Defendants denied Technician Employees meal breaks in violation of California Labor Code sections 226.7 and 512, IWC Wage Order Nos. 4-2000 and 4-2001, and California Business & Professions Code sections 17200-17208 as alleged herein;

(d)     Whether Defendants denied Technician Employees rest breaks in violation of California Labor Code sections 226.7 and 516, IWC Wage Order Nos. 4-2000 and 4-2001, and California Business & Professions Code sections 17200-17208 as alleged herein;

(e)     Whether Defendants violated California Labor Code sections 201-203 by failing to timely pay Technician Employees all overtime compensation and any other wages due at the time of termination of employment as alleged herein; and

(f)     Whether Defendants fulfilled its reimbursement obligation under California Labor Code section 2802, by paying an enhanced per incident rate to its Technician Employees.  And whether

/ / /

1  Defendants established a method to apportion the enhanced compensation payments between

2  compensation for labor performed and expense reimbursement;

3  (g)  Whether Defendants violated California Labor Code section 226, subdivision (a),

4  and California Business & Professions Code section 17200 by failing to furnish to Technician Employees

5  proper itemized wage statements as alleged herein.

6  44.  <u>Typicality</u>.  The claims of the Representative PLAINTIFFS are typical of the claims of

7  the class members.  The Representative PLAINTIFFS were subject to the same violations of applicable

8  rights under the FLSA and under California law and seek the same type of damages, restitution, and other

9  relief on the same theories and legal grounds as those of the class members they seek to represent.

10  45.  <u>Adequacy of Representation</u>.  The Representative PLAINTIFFS will fairly and adequately

11  represent and protect the interests of the Class members.  PLAINTIFFS' counsel are competent and

12  experienced in litigating employment class actions, consumer class actions, and other complex litigation

13  matters, including wage and hour cases for unpaid minimum wages, overtime compensation, meal period

14  and rest break violations, and waiting time violations similar to the present claims.

15  46.  <u>Superiority</u>.  This class action is superior to other available means for the fair and efficient

16  adjudication of the claims of the class members.  It would be virtually impossible for the class members

17  to individually obtain redress for the wrongs done to them.  Even if the individual class members could

18  afford such individual litigation, the court system could not.  Individualized litigation presents a potential

19  for inconsistent or contrary judgments.  By contrast, the class action device presents far fewer

20  management difficulties, and provides the benefits of single adjudication, economy of scale, and

21  comprehensive supervision by a single court.

22  47.  Class certification is appropriate under Federal Rules of Civil Procedure, rule 23(b)(2)

23  and (b)(3) because questions of law and fact common to the class members predominate over any

24  questions affecting only individual class members.  Each class member has been damaged and is entitled

25  to recovery by reason of Defendants' unlawful and unfair policies and practices as alleged herein.

26  / / /

27  / / /

28  / / /

## VII.  **COLLECTIVE ACTION ALLEGATIONS**

48.     This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages or, alternatively, pre-judgment interest, and attorneys' fees and costs under the FLSA.  In addition to PLAINTIFFS, numerous current and former Technician Employees are similarly situated with regard to their job duties and pay provisions.  PLAINTIFFS are representative of those other employees and are acting on behalf of their interests as well as PLAINTIFFS' own interests in bringing this action.  These similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records.

## VIII.  **FIRST CLAIM FOR DENIAL OF OVERTIME COMPENSATION**

[FLSA, 29 U.S.C. §§ 207, 211(c), 216 (b)]

49.     PLAINTIFFS hereby incorporate by reference all prior allegations as though fully set forth hereinafter.

50.     Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate PLAINTIFFS and all similarly situated Technician Employees for all hours worked in excess of forty (40) hours in a workweek.  PLAINTIFFS and all similarly situated Technician Employees are not subject to any applicable exemptions from the requirement to pay overtime under federal law.  During the Liability Period, PLAINTIFFS and all similarly situated Technician Employees were regularly required to work in excess of forty (40) hours per week, but were not paid for such overtime work.  By failing to pay overtime compensation due to PLAINTIFFS and all similarly situated Technician Employees, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA which require overtime compensation to nonexempt employees.

51.     As a result of Defendants' policy and practice of withholding overtime compensation, PLAINTIFFS and all similarly situated Technician Employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

52.     Defendants have made it difficult to account for the unpaid overtime wages earned by the Technician Employees during the applicable Liability Period because they did not make, keep, and

preserve the correct hours worked by such employees as required for nonexempt employees by 29 U.S.C. § 211(c).  Defendants' failure to retain correct records of hours worked by Technician Employees was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to Technician Employees.

53.    As a result of the unlawful acts of the Defendants, PLAINTIFFS and all similarly situated Technician Employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages or, alternatively, pre-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## IX.  SECOND CLAIM FOR DENIAL OF OVERTIME COMPENSATION

[Cal. Lab. Code, §§ 510, 1194; IWC Wage Order Nos. 4-2000, 4-2001]

54.    PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

55.    Under California Labor Code sections 510 and 1194 and IWC Wage Order Nos. 4-2000 and 4-2001, Defendants were and are obligated to compensate PLAINTIFFS and  Technician Employee class members premium pay for all hours worked in excess of forty (40) hours per workweek.  In addition, under applicable California law as referenced, Defendants were and are obligated to compensate PLAINTIFFS and Technician Employee class members premium pay for all hours worked in excess of eight (8) hours per workday.

56.    During the Liability Period, PLAINTIFFS and Technician Employee class members were regularly required to work in excess of forty (40) hours per week and/or eight (8) hours per day, but were not paid for such premium pay as required by California law.  Technician Employees do not qualify for the highly-skilled computer-related occupation exemption or any other exemption under California law and are entitled to overtime premium compensation.  PLAINTIFFS and Technician Employee class members do not, and did not, receive overtime premium compensation for hours worked in excess of eight (8) hours per day and forty (40) hours per week in violation of California Labor Code section 510.

57.    By failing to pay overtime premium compensation due and owing to PLAINTIFFS and Technician Employee class members, Defendants willfully, knowingly, and/or recklessly violated

California wage and hour laws which require overtime premium compensation to nonexempt employees such as Technician Employees.

58.   As a result of Defendants' policy and practice of withholding overtime premium compensation as alleged herein, PLAINTIFFS and Technician Employee class members have been damaged in that they have not received wages due and owing to them pursuant to California wage and hour laws.

59.   Defendants have made it difficult to account for the unpaid overtime work performed by Technician Employees during the applicable Liability Period because they did not make, keep and preserve, through records, the correct hours worked by such employees as required for nonexempt employees by California Labor Code section 1174, subdivision (d) and IWC Wage Order Nos. 4-2000 and 4-2001. Defendants' failure to retain correct records of the hours worked by PLAINTIFFS and Technician Employee class members was willful and deliberate and designed to serve Defendants' policy of unlawfully denying overtime to persons employed as Technician Employees.

60.   As a result of the foregoing unlawful acts of Defendants, PLAINTIFFS and Technician Employee class members have been deprived and continue to be deprived of overtime premium compensation in amounts to be determined at the time of trial, and are entitled to recovery of such amounts together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation.

61.   PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

## X.   THIRD CLAIM FOR FAILURE TO PAY WAGES FOR COMPENSABLE MEAL BREAK PERIODS

[Cal. Lab. Code, §§ 226.7, 512; IWC Wage order Nos. 4-2000, 4-2001]

62.   PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

63.   During the applicable Liability Period, PLAINTIFFS and Technician Employee class members regularly worked in excess of five (5) hours per day without being afforded a proper meal break

of at least 30-minutes in duration in which they were relieved of all duties, and often worked in excess of ten (10) hours per day without being afforded another such meal break, as required by California Labor Code sections 226.7 and 512, as well as IWC Wage order Nos. 4-2000 and 4-2001.

64.     As a result of Defendants' failure to afford proper meal break periods, Defendants are liable to PLAINTIFFS and Technician Employee class members for one hour of additional pay at their regular rate of compensation for each workday that proper meal break periods were not provided, pursuant to California Labor Code sections 226.7 and 512, as well as IWC Wage order Nos. 4-000 and 4-2001.  PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

## XI.  FOURTH CLAIM FOR FAILURE TO PAY WAGES FOR COMPENSABLE REST BREAK PERIODS

[Cal. Lab. Code, §§ 226.7, 516; IWC Wage order Nos. 4-2000, 4-2001]

65.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

66.     During the applicable Liability Period, PLAINTIFFS and Technician Employee class members were not provided uninterrupted rest periods of not less than ten (10) minutes, as required by California Labor Code sections 226.7 and 516, as well as IWC Wage order Nos. 4-2000 and 4-2001.

67.     As a result of Defendants' failure to afford proper rest break periods, Defendants are liable to PLAINTIFFS and Technician Employee class members for one hour of additional pay at their regular rate of compensation for each workday that proper rest break periods were not provided, pursuant to California Labor Code sections 226.7 and 516, as well as IWC Wage order Nos. 4-000 and 4-2001. PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

/ / /

/ / /

/ / /

/ / /

## XII.  <u>FIFTH CLAIM FOR FAILURE TO PAY MINIMUM WAGE/"OFF THE CLOCK"</u>

## <u>WORK</u>

[Cal. Lab. Code, §§ 218.6, 1194, 1194.2, 1197, 1197.1]

68.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

69.     California Labor Code section 1197 and IWC Wage Order Nos. 4-2000 and 4-2001 required Defendants to pay Technician Employee class members, including PLAINTIFFS, at the then-prevailing State of California minimum wage rate for all hours worked.

70.     During the Liability Period, Defendants had, and continue to have, a policy and practice of failing to Technician Employee class members, including PLAINTIFFS, for all hours worked, and were paid at wage rates that were less than the California minimum wage rate then in effect, when those wages were due.  Technician Employee class members, including PLAINTIFFS, were paid on a per incident basis.  However, before beginning work any calls, Technician Employees, including PLAINTIFFS, were required to log into QLX/WWT's computer system, download jobs, contact the clients and schedule a time to perform the repair.  They were also required to drive to a central pick-up point to retrieve and drop-off repair parts.   However, the time spent performing these mandatory duties were not recorded and not inclusive of the per incident rate paid for each call completed and constitutes time worked "off-the-clock" for which Technician Employees, including PLAINTIFFS, received no compensation.  Defendants' failure to pay Technician Employees for the time spent performing mandatory duties also resulted in Technician Employees working split-shifts without required split-shift premium pay as required by California law.  Technician Employees, including PLAINTIFFS, were also required to attend mandatory meetings for which they were not compensated for their time.

71.     Additionally, and because of the minimum wage failures, QLX/WWT failed to provide Technician Employees, including PLAINTIFFS, with accurate time records and earnings statements as required by Labor Code section 226 and IWC Wage Order Nos. 4-2000 and 4-2001.  As a result of QLX/WWT's failure to pay Technician Employees, including PLAINTIFFS, at the minimum wage rate for all hours worked, when those wages were due, or split-shift premiums when required, PLAINTIFFS and Technician Employee class members are entitled to civil penalties, liquidated damages, interest, costs

1  and attorneys' fees pursuant to California law, including but not limited to California Labor Code

2  sections 218.6, 1194, 1194.2, 1197, 1197.1 and IWC Wage Orders Nos. 4-2000 and 4-2001.

3

4  ### XIII.  SIXTH CLAIM FOR FAILURE TO FULLY OR SUFFICIENTLY REIMBURSE

5  ### EMPLOYEES FOR MANDATORY EXPENSES

6  [Cal. Lab. Code, §§ 2802, 2804]

7  72.    PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully

8  set forth hereinafter.

9  73.    California Labor Code section 2802 requires an employer to indemnify his or her

10  employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

11  discharge of his or her duties, or of his or her obedience to the directions of the employer.  California

12  Labor Code section 2804 expressly prohibits waiver of section 2802, making any contract or agreement,

13  express or implied, made by any employee to waive its benefits, null and void.

14  74.    During the Liability Period, QLX/WWT had and continues to have, a policy and practice

15  of paying its Technician Employees a per incident rate to pay for their labor and business-related

16  expenses.  However, QLX/WWT did not reimburse employees for all necessarily incurred work-required

17  expenses including, but not limited to gas mileage, toll road fees, wear and tear on their automobiles,

18  additional insurance premiums, cell phone use, laptops, internet use, tools and supplies, even though

19  these items were not only actual expenses necessarily incurred to perform their daily tasks, they were

20  also set forth as part of the basic tool kit required for Technician Employees taking service calls for

21  QLX/WWT.

22  75.    The per incident rate does not allow Technician Employees to readily determine whether

23  QLX/WWT has discharged all of its legal obligations as to both wages and business expense

24  reimbursement since the employee is unable to differentiate between wages and expense reimbursements.

25  However, in comparison to the expenses incurred by Technician Employees, the enhanced per incident

26  rate is inadequate and fails to sufficiently and fully reimburse the employee for expenses that were

27  mandatory.  QLX/WWT never conducted any study or analysis to determine whether or not their per

28  incident compensation payments adequately reimburse PLAINTIFFS for the expenses they actually and

necessarily incurred while working for QLX/WWT.  As a result of Defendants' policy and practice of paying per incident rate without establishing a method to apportion the enhanced compensation payments between compensation for labor performed and expense reimbursement, QLX/WWT has made it difficult to account for the unpaid expense reimbursements.

76.     California law also requires an employer utilizing a lump-sum compensation plan to account for any  tax consequences that result from the employer's choice of reimbursement method to ensure that employees are reimbursed for all incurred expenses.  In compensating Plaintiffs pursuant to its per incident method, QLX/WWT calculated taxable withholding based on the entire lump-sum rate payable under its plan.  As a result, Plaintiffs paid taxes on both the amount intended by QLX/WWT as wages as well as the amount intended to reimburse PLAINTIFFS for incurred business-related expenses. The resulting overpayment of taxes reduces the intended reimbursement to an amount not accounted for by QLX/WWT so that its lump-sum method does not and cannot fully reimburse PLAINTIFFS and Technician Employee class members for expenses as required by California law.

77.     PLAINTIFFS and Technician Employee class members have been deprived, and continue to be deprived of full reimbursement for expenses necessarily incurred in amounts to be determined at the time of trial and are entitled to recovery of such amounts together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation.  PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

## XIV.  SEVENTH CLAIM FOR FAILURE TO PAY ALL FINAL ACCRUED WAGES AT THE TIME OF TERMINATION

[Cal. Lab. Code, §§ 201-203]

78.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

79.     California Labor Code sections 201 and 202 require QLX/WWT to pay all compensation due and owing to all former Technician Employees, including PLAINTIFFS, at the time employment is terminated.  California Labor Code section 203 provides that if an employer willfully fails to pay

compensation promptly upon discharge or resignation, as required under sections 201 and 202, then the employer is liable for statutory penalties in the form of continued compensation for up to thirty (30) workdays.

80.     During the Liability Period, QLX/WWT willfully failed to pay PLAINTIFFS and Technician Employee class members all wages due upon termination of employment as required under California Labor Code sections 201-203.   As a result, QLX/WWT is liable to PLAINTIFFS and Technician Employee class members for the statutory penalties as set forth pursuant to California Labor Code section 203.   PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

## XV.  EIGHTH CLAIM FOR LATE PAYMENT OF FINAL ACCRUED WAGES

[Cal. Lab. Code, §§ 201-203]

81.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

82.     As a separate and distinct cause of action, PLAINTIFFS allege that when their employment with QLX/WWT ended, QLX/WWT failed to comply with their obligations regarding the timely payment of final pay in violations of California law, including but not limited to, Labor Code sections 201, 202, 203, and 218.6, and IWC Wage Orders 4-2000 & 4-2001.   When PLAINTIFFS and Technician Employees were discharged, QLX/WWT failed to immediately pay all accrued wages as required by Labor Code section 201, and when PLAINTIFFS and Technician Employees resigned, QLX/WWT failed to timely pay all accrued wages as required by Labor Code section 202.   Instead, QLX/WWT paid PLAINTIFFS and Technician Employees their accrued wages at a date beyond that proscribed by California law, but without compensating PLAINTIFFS and Technician Employees for the failure to timely pay accrued wages as mandated by Labor Code section 203.   QLX/WWT's failure to timely pay final accrued wages to PLAINTIFFS and Technician Employees was willful, and continued for a period of time to be determined.

83.     Because of QLX/WWT's willful failure to timely make payment of wages to PLAINTIFFS and Technician Employees when due, PLAINTIFFS and Technician Employees are due

late-pay wages for up to 30 days, in amounts to be determined at the time of trial.  PLAINTIFFS have been required to bring this action on their behalf and on behalf of Technician Employees to recover late-pay wages, and statutory wages and related sums as provided by California law, including but not limited to, California Labor Code sections 201, 202, and 203 and IWC Wage Orders 4-2000 & 4-2001.

84.     As a result of QLX/WWT's actions, PLAINTIFFS and Technician Employees seek all late-pay wages, statutory wages and related sums, civil penalties, plus attorneys' fees and costs, interest, and disbursements for themselves and all Technician Employees whose employment ended within the applicable statutory period prior to the filing of this action and who were not paid all wages when required by California law, including but not limited to, Labor Code sections 201, 202, 203, and IWC Wage Orders 4-2000 & 4-2001.


**XVI.  NINTH CLAIM FOR FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS**

[Cal. Lab. Code, § 226, subd. (a)]

85.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

86.     Under California Labor Code section 226, subdivision (a), Defendants were and are obligated to furnish to all Technician Employees, including PLAINTIFFS, at the time of each payment of wages, either as a detachable part of the check, draft, or voucher paying the wages, or separately when wages were paid by personal check or cash, an itemized statement in writing showing the items of information delineated in California Labor Code section 226, subdivision (a).

87.     During the Liability Period, QLX/WWT had, and continues to have, a policy and practice of knowingly and intentionally failing to furnish to Technician Employees, including PLAINTIFFS, at the time of each payment of wages, an itemized statement in writing showing all of the information required by California Labor Code section 226, subdivision (a), including, but not limited to, the following:  (1) the total hours actually worked by Technician Employees; (2) the method or formula that identifies the amount of the combined employee compensation payment that is intended to provide expense reimbursement, (3) all applicable regular and overtime rates in effect during the pay period and the corresponding number of hours actually worked at each hourly rate by Technician Employees, and

(4) what portion of compensation was intended to reimburse Technician Employees for business-related expenses.

88.     As a result of the foregoing unlawful acts of QLX/WWT, PLAINTIFFS and all other Technician Employee class members have suffered injury and are entitled to recover from QLX/WWT pursuant to California Labor Code section 226, subdivision (e), and hereby seek to recover, the greater of all actual damages or statutory penalties in the amount of fifty dollars ($50.00) per employee for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate statutory penalty of four thousand dollars ($4,000.00) per employee, in addition to an award of costs and reasonable attorneys' fees. PLAINTIFFS request relief as described below on behalf of themselves, all similarly situated Technician Employees, and on behalf of the general public.

## XVII.  TENTH CLAIM FOR UNFAIR AND UNLAWFUL BUSINESS PRACTICES

[Cal. Bus. & Prof. Code, §§ 17200-17208]

89.     PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully set forth hereinafter.

90.     QLX/WWT'S policy and practice of failing to furnish itemized wage statements and failing to pay legally required overtime compensation, wages for compensable meal periods and rest breaks, and indemnity for expenditures incurred in the discharge of business-related duties as required by the FLSA and/or California law constitutes unfair, unlawful, or fraudulent business activity prohibited by the UCL, California Business & Professions Code sections 17200-17208.

91.     As a result of these unfair, unlawful, or fraudulent acts and practices, QLX/WWT has reaped unfair benefits and illegal profits at the expense of PLAINTIFFS and the Technician Employee class members.  This has, in turn, provided QLX/WWT with an anti-competitive advantage when compared to those businesses that have complied with the applicable wage and hour laws.  Additionally, QLX/WWT should be enjoined from continuing the aforementioned violations.

92.     QLX/WWT must make restitution, disgorge themselves of all ill-gotten gains, and/or be subject to other equitable relief pursuant to California Business & Professions Code section 17203.  All

1  such remedies are cumulative of relief under other laws, pursuant to California Business & Professions

2  Code section 17205.  PLAINTIFFS and all other persons employed or formerly employed by Defendants

3  as Technician Employees request the relief as described herein.

4

5  **XIII.  ELEVENTH CLAIM FOR REPRESENTATIVE ACTION ON BEHALF OF ALL**

6  **EMPLOYEES FOR VIOLATION OF LABOR CODE SECTION 2699**

7  **(As against all Defendants)**

8  [Cal. Lab. Code, §§ 2698 et seq.]

9  93.  PLAINTIFFS hereby incorporate by this reference all prior allegations as though fully

10  set forth hereinafter.

11  94.  PLAINTIFFS and Technician Employee class members allege that they are "aggrieved

12  employees" who are or were employed by Defendants as non-exempt hourly employees and seek the

13  relief requested herein on behalf of themselves and all other current and former employees of Defendants

14  pursuant to Labor Code section 2699 et seq.  The policies, acts and practices heretofore described were

15  and are an unlawful business act or practice because Defendants' failure to pay wages and compensation

16  for work without rest and meal period breaks, failure to pay wages and compensation for overtime hours

17  and failure to provide accurate wage statements and maintain accurate time records for PLAINTIFFS and

18  the other members of the class violate applicable Labor Code sections and give rise to statutory penalties

19  as a result of such conduct, including but not limited to penalties as provided by Labor Code sections

20  221, 226, 226.7, 558, 1174 and 1194, and applicable IWC Wage Orders.  PLAINTIFFS, as aggrieved

21  employees, hereby seek recovery of civil penalties as prescribed by the Labor Code Private Attorney

22  General Act of 2004 on behalf of themselves and other current and former employees of Defendants

23  which comprise the class, against whom one or more of the violations of the Labor Code was committed.

24  In addition, PLAINTIFFS, as aggrieved employees, hereby seek recovery of civil penalties as prescribed

25  by the Labor Code Private Attorney General Act of 2004 on behalf of the State of California and/or the

26  Labor and Welfare Development Agency ("LWDA"), to the fullest extent available under the law.

27  PLAINTIFFS have complied with all of the notice requirements of Labor Code section 2699.3.

28  / / /

95. On or about January 26, 2009, Plaintiff George Schulz gave written notice by certified mail to the LWDA and the employer of the specific provisions of the California Labor Code alleged to have been violated and his desire to amend the action to seek on behalf of himself and all other aggrieved employees civil penalties under subdivisions (a) and (f) of Labor Code section 2699 for Defendants' violations of various provisions listed in Labor Code section 2699.5.  Plaintiff Schulz' notice to the LWDA, made pursuant to California Labor Code section 2699.3, subdivision (a), complied fully with the requirements of the Code and provided notice of the specific provision of the California Labor Code alleged to have been violated, as well as the facts and theories which support the alleged violations. On or about February 19, 2009, Plaintiff Schulz received notice that the LWDA does not intend to investigate Plaintiff's allegations. (A true and correct copy of this February 19, 2009 letter from the LWDA is attached hereto as Exhibit "1.")  Pursuant to Labor Code section 2699.3, Plaintiff Schulz may now commence a civil action pursuant to Labor Code section 2699 as a matter of right.

96. On or about August 7, 2009, Plaintiff Pablo Cardona gave written notice by certified mail to the LWDA and the employer of the specific provisions of this Code alleged to have been violated and his desire to amend the action to seek on behalf of himself and all other aggrieved employees civil penalties under subdivisions (a) and (f) of Labor Code section 2699 for Defendants' violations of various provisions listed in Labor Code section 2699.5.  Plaintiff Cardona's notice to the LWDA, made pursuant to California Labor Code section 2699.3, subdivision (a), complied fully with the requirements of the California Labor Code and provided notice of the specific provision of the California Labor Code alleged to have been violated, as well as the facts and theories which support the alleged violations. On or about September 23, 2009, Plaintiff Cardona received notice from the LWDA that it does not intend to investigate the alleged claims thereby giving Plaintiff Cardona the right to proceed with a representative action. (A true and correct copy of this September 23, 2009 letter from the LWDA is attached hereto as Exhibit "2.")  Pursuant to Labor Code section 2699.3, Plaintiff Cardona may now commence a civil action pursuant to section 2699 as a matter of right.

97. PLAINTIFFS allege that Defendants' company-wide plan and scheme to reduce operating expenses by illegally failing to properly compensate its employees, violates various Labor Code sections, including but not limited to, 200, 201, 202, 203, 204, 208, 210, 216, 218.6, 225.5, 226, 226.3, 226.7,

227.7, 450, 500, 510, 512, 516, 558, 1174, 1174.5, 1194, 1197, 1198, 1199, 2802, 2926, 2927, and IWC Wage Orders including but not limited to Nos. 4-2000 and 4-2001.  Pursuant to Labor Code section 2699 et seq., PLAINTIFFS and Technician Employee class members seek the recovery of all statutory penalties for Defendants' violation of any provision of the California Labor Code on behalf of all current and former employees of Defendants against whom one or more of the alleged violations was committed within the applicable limitations period.

98.   In addition to any other civil or statutory penalty, PLAINTIFFS and Technician Employee class members seek, pursuant to Labor Code section 2966, a statutory penalty of $100 for each aggrieved employee per pay period for Defendants' first violation of any provision of the Labor Code, and $200 for each aggrieved employee per pay period for any subsequent violation by QLX/WWT of any provision of the Labor Code.  PLAINTIFFS and Technician Employees also seek an award of reasonable attorneys' fees and costs.

## XIX.  PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFFS**, on behalf of themselves, all present and former similarly situated Technician Employees, and on behalf of the general public, request the following relief:

1.   A determination that this action may proceed and be maintained by PLAINTIFFS as a class action pursuant to Federal Rules of Civil Procedure, rules 23(a) and 23(b)(3) on behalf of themselves and the class or classes of employees alleged herein;

2.   The issuance of notice pursuant to Federal Rules of Civil Procedure, rule 23 to all Technician Employee class members who worked for Defendants within the four (4) year period preceding the filing of this Complaint in accordance with the statute of limitations of the UCL, California Business & Professions Code sections 17200-17208;

3.   A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the PLAINTIFFS and all similarly situated Technician Employee class members;

4.   A declaratory judgment that Defendants have violated California Labor Code sections 510 and 1194 and IWC Wage Order Nos. 4-2000 and 4-2001 by failing to provide overtime compensation

1   to PLAINTIFFS and the Technician Employee class members for all hours worked in excess of forty (40)

2   hours per workweek and/or eight (8) hours per workday when paid on a commission basis;

3           5.      A declaratory judgment that Defendants have violated California Labor Code sections

4   226.7, 512, and 516 as well as IWC Wage order Nos. 4-2000 and 4-2001, by failing to afford

5   PLAINTIFFS and the Technician Employee class members proper meal and rest break periods;

6           6.      A declaratory judgment that Defendants have willfully violated California Labor Code

7   sections 201-203 by failing to pay overtime compensation and other unpaid wages due and owing to

8   PLAINTIFFS and the Technician Employee class members at the time of termination of their

9   employment, thereby subjecting Defendants to liability for statutory waiting time penalties;

10          7.      A declaratory judgment that Defendants have violated California Labor Code section 2802

11  by failing to provide some method or formula to identify the amount of the combined employee

12  compensation payment that is intended to provide expense reimbursement;

13          8.      A declaratory judgment that Defendants have violated California Labor Code section 2802

14  by failing to provide full and/or sufficient reimbursement for out-of-pocket expenses that the Technician

15  Employees necessarily incurred, owing to PLAINTIFFS and  Technician Employee class members;

16          9.      A declaratory judgment that Defendants have violated California Labor Code section 226,

17  subdivision (a), by knowingly and intentionally failing to furnish to PLAINTIFFS and Technician

18  Employee class members, to their injury, itemized wage statements in compliance with California Labor

19  Code section 226, subdivision (a), thereby subjecting Defendants to liability for actual damages or

20  statutory penalties under California Labor Code section 226, subdivision (e);

21          10.     A declaratory judgment that Defendants have violated the record keeping provisions of

22  the FLSA, 29 U.S.C. § 211(c), as to PLAINTIFFS and all similarly situated Technician Employee class

23  members;

24          11.     A declaratory judgment that Defendants have violated the record keeping provisions of

25  California Labor Code section 1174, subdivision (d) and IWC Wage Order Nos. 4-2000 and 4-2001 as

26  to PLAINTIFFS and Technician Employee class members;

27          12.     A declaratory judgment that Defendants' violations of the FLSA and California wage and

28  hour laws were willful and without good faith justification;

13. A declaratory judgment that Defendants have violated the provisions of California Business & Professions Code sections 17200-17208 by failing to pay overtime compensation under the FLSA and California law, failing to pay wages for compensable meal break periods as required by California law, and failing to furnish proper itemized wage statements in violation of California law;

14. A declaratory judgment that Defendants' violations of California Business & Professions Code sections 17200-17208 were willful and without good faith justification;

15. A declaratory judgment that, with regard to PLAINTIFFS' claims under California Business &Professions Code sections 17200-17208, PLAINTIFFS and similarly situated Technician Employee class members are entitled to a four (4) year statute of limitations;

16. A permanent injunction enjoining Defendants and any and all persons acting in concert or in participation with Defendants from directly or indirectly committing the unlawful, unfair, and deceptive business acts and practices as alleged above, pursuant to the UCL;

17. An award to PLAINTIFFS and Technician Employee class members of damages in the amount of unpaid wages under California law, including liquidated damages under California Labor Code section 1194.2 and interest subject to proof at the time of trial;

18. An award to PLAINTIFFS and all similarly situated Technician Employee class members for damages in the amount of unpaid overtime wages under the FLSA, including liquidated damages or, in the alternative, pre-judgment interest subject to proof at the time of trial;

19. An award to PLAINTIFFS and all Technician Employee class members of damages in the amount of unpaid overtime compensation and wages under California law, including interest thereon subject to proof at the time of trial;

20. An award to PLAINTIFFS and all Technician Employee class members for one hour of compensation for each day they did not receive proper meal break periods under California Labor Code sections 226.7 and 512 and IWC Wage Order Nos. 4-2000 and 4-2001;

21. An award to PLAINTIFFS and all Technician Employee class members for one hour of compensation for each day they did not receive proper rest break periods under California Labor Code sections 226.7 and 516 and IWC Wage Order Nos. 4-2000 and 4-2001;

/ / /

22.     An award to PLAINTIFFS and all Technician Employee class members for payments due to them as statutory waiting time penalties under California Labor Code sections 201-203;

23.     An award to PLAINTIFFS and all Technician Employee class members for the greater of all actual damages or the statutory penalties provided in California Labor Code section 226, subdivision (e) subject to proof at the time of trial;

24.     An award to PLAINTIFFS and all other aggrieved Technician Employee class members of civil penalties under California Labor Code section 558, subdivision (a) for Defendants' violations of the overtime pay requirements of California Labor Code sections 510 and 1194 and IWC Wage Order Nos. 4-2000 and 4-2001 subject to proof at the time of trial;

25.     An award to PLAINTIFFS and all similarly situated Technician Employee class members of liquidated damages in an amount equal to the overtime compensation and unpaid meal break period wages shown to have been denied to PLAINTIFFS pursuant to 29 U.S.C. § 216(b) and liquidated damages in an equal amount or, if liquidated damages are not awarded, then in the alternative pre-judgment interest;

26.     An award to PLAINTIFFS and all Technician Employee class members of restitution and/or disgorgement of all amounts owed for Defendants' failure to pay legally required wages, overtime compensation, wages for compensable meal break and rest break periods, failure to indemnify expenditures under California Labor Code section 2802, and failure to furnish itemized wage statements under California Labor Code section 226, subdivision (a), in an amount according to proof, pursuant to the UCL;

27.     An award to PLAINTIFFS and all similarly situated Technician Employee class members of all civil penalties recoverable pursuant to California Labor Code section 2699, et seq., for all pay periods in which a violation of the Labor Code exists.

28.     An award to PLAINTIFFS and all similarly situated Technician Employee class members of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), California Labor Code sections 226, subdivision (e), 1194, 2699, subdivision (g)(1), California Civil Code section 1021.5.  Neither this prayer nor any allegation or prayer herein are to be construed as a request for attorneys' fees or costs available under California Labor Code section 218.5.

1        29.     An award of pre and post-judgment interest; and,

2        30.     An award of such other and further relief as this Court may deem just and appropriate.

3

4    DATED: July 27, 2010                     **BLUMENTHAL, NORDREHAUG & BHOWMIK**

5

6                                       By:  /s/ Norman B. Blumenthal
                                       Norman B. Blumenthal, Esq.

7                                           Kyle R. Nordrehaug, Esq.
                                       Aparajit Bhowmik, Esq.

8                                           Attorneys for PLAINTIFFS
                               Email: norm@bamlawlj.com

9

10   DATED: July 27, 2010                     **KRUTCIK & GEORGGIN**

11                                      By: /s/ A. Nicholas Georggin
                                     A. Nicholas Georggin, Esq.

12                                        Joo Hee Kershner, Esq.
                                     Attorneys for PLAINTIFFS

13                                    Email: nick@kglawoffices.com

14                        **UNITED EMPLOYEES LAW GROUP**
                                 Walter Haines, Esq. (State Bar #71075)

15                        65 Pine Ave, #312
                     Long Beach, CA 90802

16                        Telephone: (562) 256-1047
                     Facsimile: (562) 256-1006

17

18

19   **DEMAND FOR JURY TRIAL**

20        PLAINTIFFS, on behalf themselves and all other similarly situated employees and former

21   employees of the Defendants, hereby demand trial of these claims by jury to the extent authorized by law.

22

23

24

25

26

27

28